William A. MARSHALL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12141.

United States Court of Appeals, Sixth Circuit.

Nov. 3, 1954.

468

Joseph V. Hoffman, Cincinnati, Ohio, for appellant.

Warren Olney, III, Washington, D. C., Millsaps Fitzhugh, Robert E. Joyner, and Edward N. Vaden, Memphis, Tenn., for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the district court erred in entering an order denying a motion to set aside a judgment and vacate a sentence, without filing findings of fact and conclusions of law. Title 28 U.S.C.A. § 2255, provides that upon the filing of a motion to vacate and correct a sentence by a prisoner in custody under sentence, the court shall determine the issue and make findings of fact and conclusions of law with respect thereto "Unless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief".

The background of the case is as follows: On October 23, 1952, some eighteen months after his conviction and sentence, appellant filed a motion to vacate or set aside sentence and for a writ of habeas corpus, on the ground that "his conviction as well as sentence was wholly illegal, and that the denial of change of venue, the prejudicial admission of improper evidence, * * * and the refusal to grant necessary instructions, all conspired to deny the defendant his constitutional right to a fair trial;" and that his trial and sentence were illegal and unjust. He further set forth that he could prove that he was not guilty; that his reason for not telling what he knew concerning a joint defendant and her husband was "because he didn't want to become involved with the defendants in this case, although all three defendants played parts in the crime." He further declared that his constitutional rights had been violated at the time of his apprehension and trial; that he was the victim of "unjust evidence" and was deprived of a fair trial according to the 14th Amendment; that his court-appointed lawyer did not try to protect his rights; that certain plain-clothes officers had compiled a mass of incriminating evidence against him; and that he had been deprived of his liberty by "false information."

For some reason not disclosed by the record nor by counsel on appeal, the above motion was never passed upon by the district court. It appears to have been abandoned by appellant as he never thereafter mentioned it or made any complaint that the court had failed to act upon it.

On August 4, 1953, petitioner filed a new motion for a writ of habeas corpus and to vacate and set aside judgment and sentence, in which he set forth the charges that had been made against him on his trial. He declared in his motion that all such charges were false, and that he had witnesses to prove his contentions. However, counsel for appellant states

that: "Appellant's motion of August 4, 1953, which appears to be the only motion on which the District Court held a hearing, is not believed to set forth new allegations which would entitle the prisoner to release under Title 28 U.S.C.A. § 2255, even if proved." With that statement, this court concurs.

The motion of August 4, 1953, was, therefore, the only motion on which the district court held a hearing. Since it is admitted by appellant's counsel, and in our view, properly, that petitioner was entitled to no relief under the allegations of that motion, the district court was not in error in denying it.

In its order denying the motion of August 4, 1953, the district court set forth that upon the entire record in the cause, it appeared that the motion was not well taken and should be denied; and, accordingly, the court entered an order to this effect. It is to be noted that the statute provides that the decision of the court is required to be based on the motion as well as upon the files and records of the case. We have examined the motion and have ascertained therefrom that aside from a statement of general conclusions of law, the only pertinent factual allegation upon which the claim of deprivation of constitutional rights and illegality of sentence is based is an averment that false statements were made by a third party which implicated appellant in the crime with which he was charged; and it may also be said that the foregoing appears to apply to petitioner's motion of October 23, 1952, with which, however, we are not here directly concerned.

 Questions as to the sufficiency of the evidence, including the credibility of witnesses, may not be raised by motion to set aside judgment and vacate sentence under Title 28 U.S.C.A. § 2255, but must be availed of by timely appeal. The district court held that upon consideration of the entire record in the case, the petition and motion "were not well taken and should be denied." In cases arising under Title 28 U.S.C.A. § 2255, it would be well for a trial court to recite, in the language of the statute, in an order denying such a motion where findings of fact are not required, that the motion and files and records of the case conclusively show that the prisoner is entitled to no relief. However, in the controversy before us, it is admitted that petitioner is entitled to no relief under the allegations of his motion of August 4, 1953.

As to appellant's motion of October 23, 1952, which at no time engaged the attention of the district court, no action was ever taken, so that no error on the part of the district court with respect to that motion is before us, no order or judgment having been entered thereupon.

The petitioner being entitled to no relief under the allegations of his motion, the order of the district court was without error.

The judgment of the district court is affirmed.