**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Al LAWRENCE, Defendant-Appellant.**

**No. 11106.**

United States Court of Appeals
Seventh Circuit.

Nov. 4, 1954.

Aaron P. Brill, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Joseph W. Nowak, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Frank J. McGarr, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Section 2255 [1] is invoked by defendant, Lawrence, seeking release from federal custody under a judgment of conviction on January 28, 1953. His punishment of imprisonment for a period of three years, was imposed after a bench trial and conviction for violating 26 U.S.C. § 2553(a), 21 U.S.C.A. § 174, 18 U.S.C. § 371.

■ His motion to vacate and set aside that sentence was denied on the day it was filed, January 7, 1954, without a hearing by the same district judge before whom Lawrence was originally prosecuted. Because that trial judge denied Lawrence's motion for relief under § 2255, without making supporting findings of fact or conclusions of law, defendant now claims error in this appeal. But as we read § 2255, it provides for findings of fact and conclusions of law, "unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief * * *" Klein v. United States, 7 Cir., 1953, 204 F.2d 513; United States v. Nickerson, 7 Cir., 1954, 211 F.2d 909. After examining defendant's post-conviction motion and the record of proceedings, we are satisfied that the lower court acted within the ambit of its power described in § 2255. After all, it was the district judge who conducted the trial on the merits, adjudicated the issues, and sentenced the defendant, whose order of denial we are assuming to review. Indeed, § 2255, contemplates that the motion thereby authorized be presented to the court imposing a sentence complained of.

This brings us to Lawrence's challenge, grounded on § 605, Communications Act of 1934,[2] to testimony about the contents of a telephone conversation, related from the witness stand by an agent of the Bureau of Narcotics. During his detention at the Post Office Building, government witness Spencer called his "source of supply" in compliance with the Treasury Enforcement Agents' request. By using an extension telephone, agent Mattera[3] overheard Spencer's conversation with a person whose voice Spencer[4] identified as that of Lawrence. But at the threshold, defendant's contention needs to be examined in its original setting. For it appears in the original transcript of proceedings that two lawyers represented Lawrence at his trial in January, 1953. One of these attorneys conducted examinations of the witnesses, the other presented various oral arguments on defendant's behalf. At the time of his arraignment in October, 1952,

1. 62 Stat. 967, as amended May 24, 1949, c. 139, § 114, 63 Stat. 105, 28 U.S.C.A. § 2255.

2. 48 Stat. 1064, 47 U.S.C.A. § 151 et seq.

3. A portion of the witness's testimony (R. pp. 36ff) during his direct examination, follows:

"Q. How were you listening to that conversation, Mr. Mattera? A. I was listening on an extension in the adjoining office. * * *

"Mr. Gould: Your Honor, I still object because he is not acquainted with Lawrence's voice unless he talked to him.

"The Court: In view of the previous testimony of Spencer, your objection is overruled.

"Mr. Gould: Thank you."

4. "Q. What did you say to the defendant and what did he say to you, as well as you can remember saying? A. I asked him to bring me the same thing as before.

"Mr. Gould: We object to that, your Honor, on the ground they have not qualified any telephone conversation.

"The Court: He said he knows his voice. He recognized his voice on the telephone. He talked to the defendant. What other qualification do you want?

"Mr. Gould: I am sorry.

"Mr. Schwartz: I shall continue." (R. p. 7.)

Lawrence appeared personally and by his attorney.

No motion to suppress the evidence complained of by this defendant was made at any time. Parenthetically we also note that defendant rests his contention solely on Mattera's parol evidence, despite Spencer's testimony relating the substance of that same conversation. Spencer, one party to this conversation, knew that Mattera and other agents were listening to his communication. Moreover, identification of Lawrence's voice was the sole basis offered by defense counsel for his objections interposed to testimony of Spencer and Mattera about the content of this telephone conversation. And from that specific reason, defense counsel quickly receded. A canvass of this record reveals no other objection to the evidence now complained of by defendant.

■ While this is not an instance of the practice typified as "wire tapping," we think it unnecessary to discuss whether there was an "interception," by these government agents, within the meaning and purview of § 605, supra. Cf. Rietmeister v. Reitmeister, 2 Cir., 1947, 162 F.2d 691, 694; United States v. Polakoff, 2 Cir., 1940, 112 F.2d 888, 134 A.L.R. 607. Nor are we overlooking the exclusionary rule, binding upon federal courts, enunciated in United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 636, 28 A.L.R.2d 1041; Fed.R.Crim.Proc. 26, 18 U.S.C.A. But we think, on the face and state of this record that there was no such denial or infringement of the constitutional rights of this defendant as would render his original judgment vulnerable to attack under § 2255, supra.

■ ▪By waiting until he reached this court to first question the legality of his arrest, defendant waived that point, if, indeed, it was one. We also think his conviction can stand without, contravening the "'fairness, integrity, or public reputation of judicial proceedings'", United States v. Jones, 7 Cir., 1953, 204 F.2d 745, 749, or causing an injustice to this defendant.

We acknowledge the efforts of Aaron P. Brill, who was appointed by this court to present the defendant's cause on review.

The judgment of the District Court is affirmed.

Affirmed.