UNITED STATES of America,
Plaintiff,

v.

Carson LETT, Joe Lee Adams, Thomas L.
Ingram et al., Defendants.

Cr. No. 2810.

United States District Court
S. D. Ohio, W. D.

Dec. 21, 1955.

Hugh D. Martin, U. S. Atty., James E. Rambo, Asst. U. S. Atty., Dayton, Ohio, for plaintiff.

Joseph Lee Adams, Carson Lett, Thomas L. Ingram, pro sese.

CECIL, District Judge.

This case is before the Court on a motion to vacate and set aside sentences, filed under and by virtue of Section 2255, Title 28 U.S.C.A. The motion is signed and sworn to by Joseph Lee Adams and is made on behalf of the subscriber and his co-defendants in the trial, Carson Lett and Thomas L. Ingram. The petitioners in the motion are now confined in the United States Penitentiary at Atlanta, Georgia, but will be hereafter referred to as defendants.

The Court having reached the conclusion that the motion and the files and records of the case conclusively show that the prisoners are entitled to no relief, no notice, Findings of Fact or Conclusions of Law are required.

The record of the case discloses the following history:

On June 16, 1953, an indictment was filed against these three prisoners, along with one William Hurst, charging them on three counts with violating the narcotic laws of the United States. The first count charged that the defendants named in the indictment had conspired to commit offenses against the United States. The second count charged that on or about May 28, 1953, they did unlawfully and knowingly receive, conceal, possess, etc., 127 capsules and 30 grains of loose heroin. The third count charged that on or about May 28, 1953, they did unlawfully acquire or otherwise obtain, approximately 18 marihuana cigarettes, being then and there transferees required to pay the Transfer Tax imposed by the Marihuana Taxing Act of 1937,

26 U.S.C.A. § 2590 et seq. (This statement of the indictment has been briefed and paraphrased by the Court.)

On October 13, 1953, all four of the defendants signed, in open court, a waiver of trial by jury. At the conclusion of the trial on October 16, Informations were filed, charging the defendants Adams, Lett and Ingram with prior offenses. Lett was charged with two prior offenses, Adams with two and Ingram with one. They were then sentenced as follows:

Lett and Adams each to 15 years on count 2; 10 years on count 1 and 10 years on count 3. Sentences on counts 1 and 3 were to run concurrently with sentence on count 2. Each was fined $500 on each count.

The defendant Ingram was sentenced to 6 years on count 2; 5 years on count 1 and 5 years on count 3. Sentences on counts 1 and 3 were to run concurrently with sentence on count 2. A fine of $300 on each count was assessed.

The defendant Hurst was sentenced to 4 years on each count, the sentences to run concurrently. He was fined $200 on each count. No further action was taken on behalf of Hurst by his counsel.

On October 26, 1953, counsel for the defendants Lett, Adams and Ingram filed a motion for judgment in favor of the defendants or that they be granted a new trial. On the same date these defendants filed an election to commence serving their sentences immediately upon appeal. Also, on the same date, counsel for the defendants Lett, Adams and Ingram filed a notice of appeal.

On November 14, 1953, the Clerk filed the "Clerk's Statement on Docket Entries on Appeal and copy of defendants Notice of Appeal" in the Clerk's Office of the United States Court of Appeals for the Sixth Circuit.

On November 23, 1953, the motion for judgment and for a new trial was overruled.

On July 23, 1954, the defendant Thomas L. Ingram filed a motion for relief under Section 2255, Title 28 U.S.C.A.

On December 16, 1954, by Decision, the Court overruled this motion for the reason that the Court did not have jurisdiction to entertain the motion while an appeal was pending. This decision was journalized December 27, 1954.

Thereafter, on dates ranging from January 28 to February 7, 1955, the defendants filed motions in this Court to have Notice of Appeal withdrawn.

In April, on various dates, the defendants filed a motion to authorize the Clerk to prepare a transcript of the record in forma pauperis for filing in the Supreme Court of the United States.

In July of 1955, the defendants petitioned for appeal direct to the Supreme Court of the United States. These petitions were denied in a decision of the Court, filed July 27, 1955, for the reason that there was no provision for such an appeal. This decision was journalized by order dated August 15, 1955.

Supplementing the record of papers filed as above indicated, the following information is gleaned from the Clerk's Criminal Docket:

On June 22, 1953, the defendants, being represented by counsel, were arraigned and each entered a plea of Not Guilty.

Mr. Marc Bridge appeared for the defendant Lett. Mr. J. Paul Prear appeared for defendants Adams and Ingram and Mr. Oscar B. Scharrer appeared for the defendant Hurst.

The trial of the case consumed three days, October 13, 15 and 16, 1953. At the beginning of the trial counsel for defendants made a motion for all signed statements made by the defendants. This motion was sustained.

On May 5, 1955, the United States Court of Appeals for the Sixth Circuit dismissed the Notice of Appeal.

In the motion now before the Court, the defendants in the trial proceedings, now prisoners, and styled Petitioners in the motion, set forth 11 numbered paragraphs or statements as a basis for their claim to relief under Section 2255, above cited. Accompanying the motion

and attached to it are 14 pages of argument and citation of authorities to support the claims made by their motion. While it is known that the defendants are not lawyers, this brief is not lacking in legal skill.

The first two numbered paragraphs of the motion are general and merely state that the petitioners are confined in the United States Penitentiary at Atlanta, Georgia, and that their imprisonment is an invasion of their constitutional rights; particularly it is claimed that their imprisonment is not in accordance with the 13th Amendment to the Constitution.

■■■■ The third and fourth paragraphs relate to Evidence. It is claimed that the evidence was obtained illegally, without a search warrant, by force and without lawful authority and that the Court erred in denying their motion to suppress such evidence. This claim is not the proper subject of a collateral attack upon the judgment. "Questions as to the sufficiency of the evidence, including the credibility of witnesses, may not be raised by motion to set aside judgment and vacate sentence under Title 28 U.S.C.A. § 2255, but must be availed of by timely appeal." Marshall v. United States, 6 Cir., 217 F.2d 467, 469.

Paragraph 5 charges that the conviction was in large part based on prejudice and false testimony. This, likewise, is a subject of appeal and not a collateral attack.

■■■ Paragraphs 6 and 7 relate to legal counsel of the defendants. It is charged that the defendants were not effectively represented during their trial and that at no time did their attorneys abide by any of their suggestions. Mr. J. Paul Prear and Mr. Marc Bridge, who represented these defendants are competent members of the Dayton Bar. They are both experienced trial lawyers. They were not appointed by the Court and presumably must have been employed by the defendants.

It appears that the phrase "effectively represented" is taken from the Hayman case, Hayman v. United States, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. In that case it is obvious that there may have been some conflict of interest on the part of the attorney representing the defendant. At least a question of fact was raised as to whether or not the defendant knew that his attorney represented a possible conflicting interest. It would seem absurd and unreasonable to expect a Court to have a hearing to determine the competency and effectiveness of lawyers under such statements as here presented. What possible standard could the Court follow to determine whether or not a lawyer did everything that he could in a trial, or that what he did do was the most effective way to present the case? These lawyers were found worthy and qualified to be admitted to the bar. Are they now to be put on trial in the absence of specific charges? Is effectiveness of representation to be measured by the claim that the attorneys did not abide by any of the suggestions of the defendants during the trial? What suggestions? They may have been illegal, incompetent and impractical. It is supposed that lawyers have superior knowledge on the subject of law and trials and that they are to advise their clients. It appears to the Court that no issue of fact is raised by this claim.

Paragraph 8 charges that the sentences are in excess of the maximum authorized by the Federal Narcotic Law. Defendants Lett and Adams were each sentenced to 15 years on the second count. They were each sentenced to 10 years on the first and third counts. The penalty for a third offense, as prescribed by Section 2557(b) (1), Title 26 U.S. C.A., and Section 174, Title 21 U.S.C.A., is 10 to 20 years.

The defendant Ingram was sentenced to 6 years on the second count and five years on each of the first and third counts. He was sentenced as a second offender, the penalty for which is prescribed by Section 2557(b) (1), Title 26

U.S.C.A., and Section 174, Title 21 U.S.C.A.

Paragraph 9 charges that the Court was without jurisdiction to impose sentence upon the petitioners under Section 371, Title 18 U.S.C.A. Section 371 defines Conspiracy. Section 2557(b) (1), Title 26 U.S.C.A., and Section 174, Title 21 U.S.C.A., prescribe the penalty for conspiracy to violate the narcotics laws. To say that a United States Judge does not have jurisdiction to sentence a person for the violation of a United States statute defining a criminal offense, when the violation occurred within the judge's district, is so obviously without merit as to require no discussion.

Paragraph 10 charges that all of the offenses set forth in the three counts of the indictment constituted but a single continuing criminal act and that the Court was without jurisdiction to impose sentences upon them. Even if this were true and could be supported by authority, it would constitute no claim for vacation of the sentences for the reason that the sentences were made to run concurrently and no sentence was in excess of that authorized by law.

Paragraph 11 charges that the Court was without jurisdiction to impose sentences as second or third offenders, under Public Law 255, Chapter 666, 82nd Congress, 21 U.S.C.A. § 174, 26 U.S.C.A. § 2557(b) (1).

Informations were duly filed and are of record in the case, showing the prior convictions of the defendants upon which sentences for second and third offenses were based. The judgment of the Court is conclusive that the identification as such offenders was established. This is a matter of Evidence and not subject to collateral attack.

For the reasons herein given, the Court arrives at the conclusion that the motion and the files and record of the case conclusively show that the defendants in the trial, Petitioners in this motion, are entitled to no relief. The motion will, therefore, be overruled as to each of the petitioners. This conclusion is in accord with and supported by decisions of the Supreme Court of the United States and of the Sixth Circuit United States Court of Appeals. United States v. Hayman, supra; Marshall v. United States, supra; Goss v. United States, 6 Cir., 179 F.2d 706.