**Samuel Jennings JOHNSON,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7190.**

United States Court of Appeals
Fourth Circuit.

Argued June 5, 1956.

Decided June 18, 1956.

No appearance for appellant.

George E. Lewis, Asst. U. S. Atty., Conway, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

This is an appeal from an order denying a motion under 28 U.S.C. § 2255 to vacate a sentence of imprisonment. Appellant was charged with conspiracy to violate 18 U.S.C. §§ 2312 and 2313. He declined appointment of counsel to represent him, pleaded guilty to the indictment and was sentenced to pay a fine and serve a term of imprisonment. There is nothing in the record to support a contention that the sentence thus imposed was invalid. He complains that he was improperly denied bail in a reasonable amount after his arrest; but this has nothing to do with the validity of the sentence.

■ At the time of the commission of the crime for which the sentence here under consideration was imposed, appellant was on parole from a prior sentence which he had been serving in a United States prison. After the commission of the crime here, but before imposition of sentence, warrant was issued for his arrest for violation of parole; and, after sentence, a detainer was issued to the prison where he is serving the sentence here under consideration so that upon completion thereof he might be delivered to complete the service of the prior sentence. He now claims that the imprisonment which he is now serving should be counted as service under the prior sentence from which he was paroled. This contention has nothing to do with the validity of the sentence here under consideration; but it is well settled that a prisoner sentenced for an offense committed while he was on parole may be required by the Parole Board to serve the unexpired portion of his first sentence after the expiration of his second sentence. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399.

■ The District Judge properly denied the motion without a hearing, as it was apparent on the face of the motion and the files and record of the case that appellant was entitled to no relief.

Affirmed.