We think that justice requires that the judgment be reversed and the case remanded for a new trial. It is so ordered.

Phillip Daniels, Steilacoom, Wash., for appellant.

William T. Plummer, U. S. Atty., Lloyd L. Duggar, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before MATHEWS, CHAMBERS and BARNES, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order of the District Court for the Territory of Alaska,[1] Third Division, denying a motion of appellant, Phillip Daniels, filed in the District Court on September 29, 1956. The motion was purportedly based on 28 U.S.C.A. § 2255, the pertinent provisions of which are as follows:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * *

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt

Phillip DANIELS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15410.

United States Court of Appeals Ninth Circuit.

May 28, 1957.

---

1. Formerly called the District Court for the District of Alaska. See the Act of June 6, 1900, c. 786, 31 Stat. 321, and 48 U.S.C.A. § 101. But see also 28 U.S.C.A. §§ 373, 460, 610, 753(a), 1291, 1292(1), 1294(2), 1346(b), 2072 and 2410 (a); 29 U.S.C.A. § 217; and 48 U.S.C.A. § 103a.

hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

As indicated above, § 2255 applies only to a prisoner in custody under a sentence of a court established by Act of Congress and claiming the right to be released upon one or more of the grounds mentioned in § 2255. It appeared from the motion that appellant was a prisoner in custody under a sentence of a court established by Act of Congress, namely, a sentence of the District Court [2] that appellant be imprisoned for life—a sentence imposed on December 3, 1952. However, appellant did not claim the right to be released upon any of the grounds mentioned in § 2255 or upon any other ground. Instead, appellant, in and by the motion, sought to have the District Court vacate and set aside his life sentence and to impose, in lieu thereof, a sentence to imprisonment for 10 years only.[3] The files and records of the case showed the following facts:

On October 22, 1952, appellant was indicted in the District Court for first degree murder committed in the Third Division of Alaska on or about March 11, 1952. Appellant was arraigned on November 20, 1952, and pleaded guilty on December 1, 1952. Thereupon, on December 3, 1952, the District Court sentenced appellant to be imprisoned for life. The District Court was not empowered to impose any lesser sentence.[4]

Thus the motion and the files and records conclusively showed that appellant was entitled to no relief. Therefore, on November 23, 1956, the District Court entered its order denying the motion without causing notice thereof to be served or granting a hearing thereon or making findings of fact or conclusions of law. In this, there was no error.[5]

Order affirmed.

2. The District Court was established by the Act of June 6, 1900, c. 786, 31 Stat. 321.

3. Obviously, a 10-year sentence, imposed on or as of December 3, 1952, would still have several years to run.

4. In Alaska, the only penalties for first degree murder are those prescribed in §§ 65-4-1 and 65-4-2 of Alaska Compiled Laws Annotated, 1949. Section 65-4-1 provides: "That whoever, being of sound memory and discretion, purposely, and either of deliberate and premeditated malice or by means of poison, or in perpetrating or in attempting to perpetrate, any rape, arson, robbery, or burglary, kills another, is guilty of murder in the first degree, and shall suffer death." Section 65-4-2 provides: "That in all cases where the accused is found guilty of the crime of murder under this and the next preceding section, the jury may qualify their verdict by adding thereto 'without capital punishment;' and whenever the jury shall return a verdict qualified as aforesaid the person convicted shall be sentenced to imprisonment at hard labor for life." Appellant, having pleaded guilty, did not have a jury trial. Consequently, there was no verdict in his case—qualified or otherwise. Nevertheless, as indicated above, the District Court, instead of sentencing appellant to death, sentenced him to life imprisonment. Whether the District Court erred in not sentencing appellant to death we need not and do not now decide.

5. Garcia v. United States, 9 Cir., 197 F.2d 687. See also Birtch v. United States, 4 Cir., 173 F.2d 316; United States v. Fleenor, 7 Cir., 177 F.2d 482; Morales v. United States, 1 Cir., 187 F.2d 518; Godwin v. United States, 8 Cir., 191 F.2d 932; Klein v. United States, 7 Cir., 204 F.2d 513; Meredith v. United States, 4 Cir., 208 F.2d 680; Hornbrook v. United States, 5 Cir., 216 F.2d 112; United States v. Lawrence, 7 Cir., 216 F.2d 570; Marshall v. United States, 6 Cir., 217 F.2d 467; Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45; Schumpert v. United States, 6 Cir., 226 F.2d 578; Barber v. United States, 10 Cir., 227 F.2d 431; Simmons v. United States, 10 Cir., 230 F.2d 73; Johnson v. United States, 4 Cir., 234 F.2d 813.