## HIGGINS v. UNITED STATES.
### No. 9311.

United States Court of Appeals
District of Columbia.

Argued Nov. 25, 1946.

Decided Dec. 16, 1946.

Writ of Certiorari Denied May 5, 1947.
See 67 S.Ct. 1304

Mr. James J. Laughlin, of Washington, D.C., for appellant.

Mr. M. Edward Buckley, Jr., of Washington, D.C., also entered an appearance for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D.C., with whom Messers. George E. McNeil, United States Attorney at the time the brief was filed, and Arthur J. McLaughlin, Assistant United States Attorney, both of Washington, D.C., were on the brief, for appellee. Mr. Edward M. Curran, United States Attorney at the time the record was filed, of Washington, D.C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTY-MAN, Associate Justices.

GRONER, C. J.

This is an appeal from a judgment of conviction on the verdict of a jury in a narcotic case. The evidence on the trial followed the invariable pattern of similar prosecutions. An informer in the pay of the Government is first searched by an agent, given money and told to effect a purchase of the drug, the agent in the meanwhile following the informer and watching the transaction and thereafter receiving from the informer the evidence of the crime. In the present case the only variation occurred when the informer was placed on the witness stand and denied having any recollection of the events about which he was asked to testify. The sale in question, however, was witnessed by the agent, who never lost sight of the informer. After its consummation he received from the informer a package which, upon examination, was shown to contain the prohibited drug. The evidence to this effect, if believed by the jury, as it was, was sufficient to justify the verdict of guilty. We therefore pass from this phase of the case to the two other grounds on which we are asked to reverse.

The first of these is that the jury was not properly constituted in that it did not represent a proper "cross-section" of the community, as was held necessary in the very recent case of Thiel v. Southern Pac. Co.[1] It is enough, perhaps, to say that there was no challenge of the jury on this ground at the trial and no motion to strike the panel. But we think the motion, whenever made, unsustainable for the reason that its only basis is that the jury included nine Government employees, none of whom was employed in the particular branch of the Government charged with the administration of the narcotic laws, and each of whom, when asked on his examination if his employment would in any way influence his judgment, replied in the negative. Unless therefore a disqualification inhered in the fact of the employment relationship, the point is without merit. And that such a relationship is not a bar was clearly decided by the Supreme Court over ten years ago.[2] Moreover, the doctrine of fair cross-section applies to the names placed in the box from which potential jurors are drawn, not to each twelve who happen, after challenges, to remain on a jury. Here, presumably, such names as were placed in the box embraced all classes and all sections. That many are government employees is a necessary incident of the greater preponderance of government employment over private employment in the District of Columbia. Even in this respect, it cannot be properly contended that the resulting conditions fail to measure up to what is termed a fair cross-section.

The second point urged is that the trial judge of his own motion should have awarded a new trial, when, as an aftermath of the trial, it was shown that an effort had been made to tamper with the jury. The circumstances of that incident are these: On the second day of the trial the Assistant District Attorney saw the mother of appellant in conversation with a woman member of the jury. The Attorney brought the matter to the attention of the judge the following day, and either then or later and before the jury retired, the circumstances were communicated to counsel for appel-lant. Nothing was done then, but several days after the trial a hearing was held and the mother was found guilty and sentenced.

The juror concerned testified she was in no way influenced in the discharge of her duty as a juror by the statements allegedly made to her by appellant's mother, or by the disclosure of the fact that she had been seen in conversation with the latter. Nothing is shown to the contrary. We are therefore of opinion that the court correctly refused to award a new trial on this ground.

On the whole case we are of opinion that the judgment was in all respects correct.

Affirmed.

---

[1] 328 U.S. 217, 66 S.Ct. 984.

[2] United States v. Wood, 1936, 299 U. S. 123, 57 S.Ct. 177, 81 L.Ed. 78.