### HIGGINS v. UNITED STATES.
### No. 9301.

United States Court of Appeals
District of Columbia.

Argued Nov. 25, 1946.

Decided Dec. 16, 1946.

Writ of Certiorari Denied June 2, 1947.

See 67 S.Ct. 1511.

---

[1] 328 U.S. 217, 66 S.Ct. 984.

[2] United States v. Wood, 1936, 299 U. S. 123, 57 S.Ct. 177, 81 L.Ed. 78.

224

Mr. James J. Laughlin, of Washington, D. C., for appellant. Mr. M. Edward Buckley, Jr., of Washington, D. C., also entered an appearance for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George E. McNeil, United States Attorney at the time the brief was filed, and Arthur J. McLaughlin, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee. Mr. Edward M. Curran, United States Attorney, at the time the record was filed, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and WILBURK, MILLER, and PRETTY-MAN, Associate Justices.

PER CURIAM.

This is an appeal by Bessie Higgins, mother of appellant in 81 U.S.App.D.C. —, 160 F.2d 222, from a jail sentence imposed as a result of a judgment for contempt of court. Three grounds are alleged for reversal: (1) that the evidence did not establish beyond a reasonable doubt that appellant attempted to influence the judgment of a juror; (2) that the trial judge should have transferred the case to another judge to hear; and (3) that appellant's act in attempting to influence a juror was neither in the presence of the court nor so near thereto as to obstruct the administration of justice.

■ *First,* we have read the evidence and it shows, without contradiction, that after the jury had been sworn and ad-monished by the court not to talk to anyone about the case nor to allow anyone to talk to them about it, an adjournment of the trial was had. One of the women jurors left the court room, and was in the hallway some thirty feet from the door, when appellant, whom the juror recognized as the mother of the defendant in the case then on trial, came up behind her and said "My boy, my boy," and then something about having some ten or more sons in the war. At or about this point an Assistant District Attorney recognized the juror and told the parties to separate. Subsequently, but while the trial was in progress, the prosecuting attorney informed the judge of the incident, and a hearing was had at a later date. At the hearing appellant insisted that she did not know she was talking to a juror and denied any intention to influence her decision. The judge, however, reached the conclusion that what she did was a willful attempt to influence a juror. His opportunity of winnowing the true from the false and thereby appraising the willfulness or lack of willfulness in the act was greater than is ours, and accordingly we are not disposed to say that his conclusion is wrong.

■ *Second,* we can conceive of no reason why the trial judge should not have heard and decided the alleged contempt. He had no personal interest in the matter and the offending act involved no criticism or affront to him personally. We think there is nothing to the contrary in Cooke v. United States, 1925, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767, on which appellant relies.

■ *Third,* as we have shown, the offense with which appellant is charged occurred in the corridor of the court, about thirty feet from the entrance to the court room, and we have held, under more or less similar circumstances, that this brings the offense within the provisions of Section 385, Title 28 U.S.C.A. See Laughlin v. United States, 1945, 80 U.S.App.D.C. 101, 151 F.2d 281, certiorari denied, 1945, 326 U.S. 777, 66 S.Ct. 265; nor can we find anything in Nye v. United States, 1941, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, which requires a different conclusion.

Affirmed.