## UNITED STATES v. SPADAFORA.

### No. 10674.

United States Court of Appeals,
Seventh Circuit.

Dec. 5, 1952.

Hugo M. Spadafora, pro se.

Otto Kerner, Jr., U. S. Atty., and Anna R. Lavin, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

On February 14, 1952, appellant filed a petition in the district court which he entitled, "Petition for Writ of Error Coram Nobis and/or Motion To Vacate Fraudulent Trial Court Proceedings." In support of said petition appellant filed an affidavit executed by one Bruno Basile, a co-defendant upon his previous trial hereinafter mentioned, and also a lengthy affidavit executed by himself, wherein he set forth in some detail what he claimed certain named persons would testify on a hearing of his petition. He also requested the court to issue various writs of subpoena "to certain persons named in the affidavits annexed hereto * * * for the purpose of giving testimony and/or presenting evidence at the hearing on the Petition for Writ of Error Coram Nobis, the said testimony and/or evidence being needed to prove the perjury, etc., and that it was knowingly used by the United States Government in order to falsely convict petitioner." Appellant also filed a motion for a writ of habeas corpus ad testificandum, which would require that he be produced at the hearing. Apparently appellant prepared the petition and motions hereinbefore described without the assistance of counsel.

The district court construed the petition as being one filed under Title 28 U.S.C.A. § 2255, and denied the petition and the motions, stating that appellant had previously filed a similar petition and that under the provisions of Sec. 2255 the court is not required to entertain a second petition or motion. The court further stated that the files and record in the case conclusively show that petitioner (appellant) is entitled to no relief.

On December 12, 1949, appellant was convicted, after a trial before a jury, of possession of forged and counterfeit $20 and $10 Federal Reserve Notes, and for conspiracy to pass, utter and to keep and possess, with intent to defraud, counterfeit $10 and $20 Federal Reserve Notes. On appeal to this court we held that the evidence sustained the conviction of possession of the counterfeit notes. We held specifically that the evidence did not sustain the defendant's claim that he was entrapped by government agents, nor his claim that there was an unlawful search and seizure. United States v. Spadafora, 7 Cir., 181 F.2d 957, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650, petition for rehearing denied 340 U.S. 916, 71 S.Ct. 283, 95 L.Ed. 662. In our opinion, after detailing evidence showing that appellant had possession of the counterfeit notes, we said, 181 F.2d at page 958: "Additional evidence linked the defendant with the seized counterfeit currency, but enough has been stated to show that as to the charge of possession, the evidence of defendant's guilt was overwhelming." At the trial and on the previous appeal to this court, appellant was represented by competent counsel.

Subsequently appellant filed a motion with the district court under Title 28, U.S. C. § 2255, to vacate the sentence and judgment. This motion was denied on May 23, 1951. An appeal was taken to this court, and the judgment of the district court was affirmed on September 20, 1951, without opinion (Appeal No. 10447). Petition for a rehearing was denied on October 5, 1951.

On this appeal appellant filed a brief and a reply brief, but as he was unable to be present personally, the government waived oral argument, and submitted its case upon its brief.

We consider first whether the district court properly treated appellant's petition for a writ of error coram nobis as a motion under Title 28, U.S.C.A., § 2255. Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., provides, " * * * Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." As writs of coram nobis have been abolished, we hold the district court correctly treated appellant's petition as a motion under said Sec. 2255.

Sec. 2255 provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

142

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." The section also provides that the court shall grant a prompt hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A further provision is, "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

On the previous appeal to this court from the order of the district court denying a hearing under Sec. 2255 (Appeal No. 10447), appellant urged that he had been convicted upon perjured testimony. We would be justified in resting this decision on that part of Sec. 2255 which provides that the sentencing court shall not be required to entertain a second or successive motion under that section. However, appellant appears pro se, and apparently believes that if a writ of error coram nobis be granted he might have the right to litigate again his claim that perjured testimony was used. Furthermore, in the present petition he charges for the first time that the government knowingly and intentionally used such perjured evidence to bring about his conviction. We shall therefore consider the merits of his claim.

A criminal conviction procured by the use of testimony known by the prosecuting authorities to be perjured, and knowingly used by them in order to procure a conviction, is of course not in compliance with due process of law, and is violative of a defendant's constitutional rights. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Hysler v. State of Florida, 315 U.S. 411, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932. But a defendant has the burden of making a showing, not only that material perjured testimony was used to convict him but that it was knowingly and intentionally used by the prosecuting authorities in order to do so. Cobb v. Hunter, 10 Cir., 167 F.2d 888.

Appellant cites some inconsistencies or conflicts in the testimony, such as the time of arrival of the government agents at the Bevill home, and as to the exact location of the counterfeit money when the agents arrived. But trivial conflicts in testimony, such as these, do not constitute perjury. Any conflicting statements of witnesses upon the trial were for the jury to resolve. Those experienced in the trial of cases realize that it is a common occurrence to have some conflicts in the testimony of witnesses, and that any conflict in itself is not a signpost of perjury.

The only affidavits presented to the trial court by appellant were his own and one by his co-defendant, Basile. Appellant refers to two additional affidavits by Peter Barango and Ralph Trembetta which he claims are in the possession of the Clerk of Court. They do not appear in the record before us. Appellant claims that these affidavits would show that he did not have with him when he went to the Bevill home a bag or large package such as contained the counterfeit money. He also claims that such affidavits "are clear in the reference to entrapment." However, the question of entrapment was litigated on the original trial and on the appeal to this court from the judgment of conviction; this question cannot be re-litigated at this time. Basile's affidavit states that he drove the appellant on the night of his arrest, and that appellant carried a brown envelope, 4" by 8", which contained horse bets and racing tickets, and that affiant had often seen this envelope on previous occasions and knew what appellant ordinarily carried therein.

Affiant's affidavit makes numerous statements as to what various people would testify if called as witnesses. For instance, he asserts without further proof that Deck-

er (Becker) [1] would testify that Government Agents Baxtrom (Boxtrom, Backstrom) [2] and Anheier would testify that Government Agent Anheier, James Bevill and Mrs. Bevill perjured themselves; that Government Agents Baxtrom and Supervisor Anheier would testify that Government Agent Goldman perjured himself; that Mrs. Bevill would testify that her husband, Mr. Bevill, gave false testimony in certain respects; that Mrs. Jun would testify that certain former testimony by Mr. Bevill and Mrs. Bevill was perjured; that Government Agent McLaughlin would testify that certain testimony of Mrs. Bevill was false and perjured; that Government Agent Cohen would also testify that Mr. Bevill gave perjured testimony. In another part of the affidavit appellant states that Mr. Bevill would testify that four government agents, naming them, and four other persons including the Assistant United States Attorney, all perjured themselves.

In order to obtain a hearing under Sec. 2255, a petitioner must make a more substantial showing than merely charging perjury and making the unsupported claim that perjured testimony was knowingly used by the prosecuting authorities. Nor does he meet the burden upon him by pointing out trivial inconsistencies or conflicts in the evidence.

Appellant's petition is replete with conclusions that many of the witnesses at the trial committed perjury, but he fails to aver the existence of facts to support such conclusions. His unsupported broad charges will not suffice. In United States v. Sturm, 7 Cir., 180 F.2d 413, 414, we said, "Just as a petition for writ of habeas corpus * * * must set forth the facts as distinguished from mere conclusions * * * [citing cases], so, it would seem clear, must such a motion as that authorized by Section 2255 * * *." A careful consideration of the entire record before us convinces us that a sufficient showing was not made as to the existence of facts that perjury was committed as to

any material evidence. Certain, it is that appellant has failed to point to any place in the record which could properly be the basis of his claim that perjured evidence was knowingly used to obtain his conviction. We agree with the district court that the files and record in the case conclusively show that appellant was not entitled to any relief.

Affirmed.

---

1. Government brief, p. 9.

2. Government brief, p. 4, in No.10096; Government brief, p. 9, in No.10674.