**James R. WALKER**

v.

**UNITED STATES of America.**

**No. 11322.**

United States Court of Appeals,
Seventh Circuit.

Jan. 11, 1955.

James Robert Walker, pro se.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., Stephen Leonard, Asst. U. S. Atty., Anderson, Ind., Robert J. Wilson, Don A. Tabbert, Asst. U. S. Attys., Indianapolis, Ind., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

The plaintiff herein was one of three defendants who were charged in three counts of an indictment filed in the United States District Court for the Southern District of Indiana for the violation of Title 18 U.S.C. § 2314 (Transportation of falsely made, forged or altered securities). Upon arraignment Walker requested the services of an attorney, and the court appointed a reputable and capable member of the Indianapolis bar to represent him. After conferring with his attorney, and after his rights had been explained to him by the court, Walker pleaded guilty to each of the three counts in the indictment. On March 9, 1954 the Court imposed a sentence of two years on each of the first and second counts, same to run concurrently, and two years on the third count to run consecutively to that imposed under count two.

On September 22, 1954, plaintiff filed a "petition for vacating sentences". This petition was properly treated by the court as having been filed pursuant to Title 28 U.S.C., § 2255. On the same day, without a hearing, the court ordered a denial and the dismissal of the petition. Plaintiff appealed and filed a brief in support thereof. The Appellee's brief is likewise on file. Appellee filed a motion to dismiss the appeal. As plaintiff is incarcerated in a Federal correctional institution, and as the case would ultimately be submitted to us upon briefs, we have determined to pass upon the merits of the appeal.

■ The petition alleged (1) the indictment "does not charge an offense under federal law"; (2) that plaintiff was represented "by counsel who was incompetent"; and (3) that his counsel "entered a conspiracy with the United States attorney, with the court going along with the conspiracy". In his brief filed in this court on this appeal plaintiff makes other charges such as being threatened by prosecution as an habitual criminal under the laws of Indiana if he did not enter a guilty plea in federal court; also, that he was told he would get a lighter sentence if he pleaded guilty than if he stood trial and was found guilty. These last two charges were not brought to the attention of the trial court and will not be considered here.

■■ Plaintiff's objection to the sufficiency of the indictment seems to be a claim of improper venue. However, no such objection was raised at the time that Walker entered his plea and, of course, it is well established that venue can be waived. The sufficiency of an indictment may not be questioned in this proceedng unless it is so obviously defective as not to charge an offense under any reasonable construction. Klein v. United States, 7 Cir., 204 F.2d 513. We think that the indictment in the case at bar sufficiently alleges violations of Title 18 U.S.C. § 2314, and that each count shows proper venue in United States District Court for the Southern District of Indiana.

■ The mere allegation in the petition that plaintiff's counsel was incompetent is not sufficient to require a hearing on said petition. The court appointed a reputable member of the Indianapolis bar undoubtedly well known to the District Judge. The bare charge by petitioner of incompetence with nothing more does not lay the foundation for a hearing on the petition. See United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, 980.

■■ Plaintiff's allegation of a conspiracy by his counsel in which he claims the court joined is a bare statement of a conclusion. A motion under § 2255 must set forth facts showing the basis for the relief which is asked, and in the absence of such a showing the petition may be denied without a hearing. We think the petition, files and records in this case conclusively show that the plaintiff was entitled to no relief, and that a hearing on the petition was not required.

Affirmed.