## UNITED STATES ex rel. Billie Frield SWAGGERTY, Petitioner-Appellant,

v.

## Honorable Win G. KNOCH, Respondent-Appellee.

### No. 11978.

United States Court of Appeals Seventh Circuit.

June 3, 1957.

Billie Frield Swaggerty, in pro. per.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Edwin A. Strugala, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

Appellant Swaggerty was charged in an indictment with violating 18 U.S.C.A. § 659 and 18 U.S.C.A. § 2312, based upon the high-jacking of an interstate shipment of whiskey and the kidnaping of the truck driver. Upon the trial, appellant was represented by John Gannon, Esq. who was experienced in the trial of criminal actions. Defendant entered a plea of guilty, his attorney having suggested such a course. No appeal was taken from the judgment of conviction.

Thereafter, Swaggerty filed a motion to vacate the sentence and in the alternative to reduce the sentence and modify the original judgment. He complained that his attorney had persuaded him to plead guilty against his will, and the court erred in not permitting him to withdraw his plea of guilty. We affirmed the order of the District Court in refus-

ing to vacate or modify the judgment. United States v. Swaggerty, 7 Cir., 218 F.2d 875, certiorari denied Swaggerty v. United States, 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282.

Appellant filed in this Court a petition for a writ of habeas corpus, but we declined to entertain same and referred the petition to the District Court. On December 6, 1956, the District Court denied the application without a hearing. Appellant then filed his petition for relief under Title 28 U.S.C.A. § 2255 which was also denied by the District Court without a hearing. This Court granted leave to appeal *in forma pauperis*.

Appellant was undoubtedly surprised and disappointed by the severity of the sentence imposed upon him. The prediction of his counsel that he would fare better by entering a plea of guilty than if he stood trial seemed to him to be entirely unwarranted. As so often happens after the imposition of a severe sentence, a rash of petitions and motions follows.

On this appeal appellant appeared *pro se*. As he could not personally be present at the oral argument, the case was taken upon the briefs. As might be expected, from one unskilled in the law, the arguments which Swaggerty makes are not easily followed. However, a careful study of the petitions and the briefs which have been filed by appellant demonstrates that his principal complaint is that his attorney conspired with government counsel to railroad him to prison and by reason of this conspiracy his plea of guilty was obtained by trickery and misrepresentation.

In substance, that is the same contention and argument which this court discussed and passed upon in United States v. Swaggerty, 7 Cir., 218 F.2d 875. Under such circumstances there was no reason for the District Court to order a hearing on either the petition for habeas corpus or the petition under § 2255. Swaggerty makes no showing that he has any proof of his allegations other than his unsupported assertions.

In view of our previous decision we find no error in the action of the District Court in denying without a hearing appellant's petition for writ of habeas corpus, and his petition for relief under § 2255.

Affirmed.