UNITED STATES of America,
Plaintiff,

v.

Raymond S. MATHISON, Defendant.

No. 56–CR–13.

United States District Court
E. D. Wisconsin.

Jan. 9, 1958.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for plaintiff.

Raymond S. Mathison, pro se.

GRUBB, District Judge.

Petitioner Raymond S. Mathison was charged in a five-count indictment with violation of Title 18 U.S.C. § 2421 (the White Slave Traffic Act, commonly known as the Mann Act). Each count charged the transportation in interstate commerce between the States of Michigan and Wisconsin of Myrna Lee Paulsen for the "purpose of prostitution and debauchery and other immoral purposes." Petitioner on trial by jury was acquitted on counts 3 and 5 and convicted on counts 1, 2, and 4. Judgment was entered accordingly from which petitioner appealed, whereupon the Court of Appeals for the Seventh Circuit reversed the judgment rendered on the first count of the indictment and affirmed that rendered on the second and fourth counts. 239 F.2d 358.

Petitioner then filed a motion to vacate under Title 28 U.S.C. § 2255 and a petition for writ of habeas corpus ad testificandum. The defendant having requested that he be represented by an attorney, and not having funds with which to employ an attorney, the court

appointed experienced counsel to represent petitioner in the prosecution of his motion to vacate. Court-appointed counsel thereafter made trips to Marinette, Wisconsin, and engaged in voluminous correspondence in petitioner's behalf. However, petitioner became dissatisfied with his court-appointed counsel and filed a motion with the court to discharge his attorney, together with a motion for writ of habeas corpus ad testificandum. Court-appointed counsel petitioned to be relieved. The court granted court-appointed counsel's petition and denied Mr. Mathison's motion to dismiss counsel and motion for writ of habeas corpus ad testificandum. In so doing the court instructed petitioner with reference to his original motion to vacate as follows:

"The petition as filed originally contains practically nothing but conclusions. There is no showing that petitioner has any personal knowledge of most of the things upon which he relies. There is no showing that he would be able to testify to anything from his own knowledge which would affect this proceedings.

"Petitioner has asked that numerous persons be subpoenaed in connection with this proceedings. There is no showing, except by petitioner's conclusions that any of these persons would testify to anything of benefit to the petitioner. The investigation of Mr. Swerdloff indicates that many of them would not.

"The Government should not be put to the expense and these so-called witnesses should not be harassed in connection with scandalous charges against them without some showing that they would be of some assistance to the petitioner and would testify to something material on petitioner's behalf. The court will grant petitioner sixty days, if he desires, after receipt of a copy of the transcript of this proceedings in which to obtain affidavits from prospective witnesses. If he

obtains affidavits from prospective witnesses which indicate that they will give testimony material to this proceedings and of assistance to the petitioner, then the court will order a hearing and order such witnesses subpoenaed; otherwise not.

"If the petitioner shows by his own affidavit hereafter filed on the merits that he can testify to his own knowledge by things other than hearsay to anything which would be material to this proceedings, then the court will reconsider the matter of issuing a Writ of Habeas Corpus Ad Testificandum.

"I might state at this time that the alleged inability or improper representation of counsel on the trial of the merits is not a ground for granting such a petition or of granting a hearing, unless there is a showing that the counsel chosen by the petitioner—by the defendant in the principal proceedings was so incompetent that the trial was a mockery and a farce.

"The conduct of counsel on the trial was such that it impressed the court that the petitioner was being ably and forcefully defended.

"In connection with the request for Writ of Habeas Corpus Ad Testificandum, the court notes that Mr. Mathison's desire to testify has arisen recently. He was at the trial of the action where there was opportunity for him to testify if he so desired. Under the constitution he was not required to take the witness stand, but he had the opportunity if he so desired. Witnesses as to any alleged alibi could have been called at the trial.

"This proceedings is not aimed to provide a second trial. There are many times when parties to litigation knowingly choose not to call some person as a witness for reasons sufficient unto themselves. Maybe they fear that the witness would do them more harm than good, or maybe they have some other

reason, but that is their decision. That decision was made at the time of the trial, and alibi testimony or alleged alibi testimony, in the absence of a showing that there was improper conduct on the part of the prosecuting officials, or the investigational facilities of the Government which prevented such testimony being called, would not be sufficient to take testimony on this proceedings in the court's opinion." TR September 17, 1957 pp. 38–40.

Subsequently petitioner filed an amended motion to vacate, motion for hearing, and traverse to government's motion to dismiss, which motions are the subject of this opinion.

Petitioner's amended motion to vacate consists of four allegations broken down into fifteen sub-parts, and is supported by a twelve-page argument, petitioner's own affidavit, and the affidavits of Marie Umberham and Rose Umberham.

There are many, many complaints asserted but basically they all fall into the following charges:

(1) That the United States District Attorney and agents of the Federal Bureau of Investigation unlawfully, intentionally, knowingly, and falsely procured and used perjured testimony in obtaining the conviction in the case now before the court;

(2) That the representation of petitioner's trial counsel before and during the trial was incompetent, a conspiracy to deprive petitioner of his constitutional rights, and such as to make petitioner's trial a farce and a mockery of justice;

(3) That petitioner was denied his constitutional right to a fair and impartial trial by reason of the distribution to the jury in his trial of a 14-page pamphlet entitled "Handbook for Jurors."

■■ Since the creation of Title 28 U.S.C. § 2255, certain rules of interpretation have become clear. Just as a petition for writ of habeas corpus must set forth facts as distinguished from mere conclusions, so, it would seem clear, must a motion as authorized by Section 2255. United States v. Sturm, 7 Cir., 1950, 180 F.2d 413, certiorari denied 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388; Walker v. United States, 7 Cir., 1955, 218 F.2d 80; United States v. Trumblay, 7 Cir., 1956, 234 F.2d 273, certiorari denied 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166. A petitioner's allegations supported only by his own assertions are insufficient. United States v. Spadafora, 7 Cir., 1952, 200 F.2d 140; United States ex rel. Swaggerty v. Knoch, 7 Cir., 1957, 245 F. 2d 229. A petitioner's affidavit that named persons perjured themselves and will so testify, and that the United States Attorney knowingly used the perjured testimony, is not enough to obtain a hearing under Section 2255. United States v. Spadafora, supra. Petitioner's presence is necessary where there are issues of fact relating to petitioner's own knowledge. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L. Ed. 232.

■ Petitioner has not asserted any material facts to which he has shown personal knowledge and thus his petition for habeas corpus ad testificandum is denied.

■ With respect to charge one, that the United States Attorney and agents of the Federal Bureau of Investigation unlawfully, intentionally, knowingly, and falsely procured and used perjured testimony in obtaining the conviction in the case now before the court, the affidavits of Marie Umberham and Rose Umberham set forth no facts material to these proceedings. Petitioner's own affidavit is insufficient under United States ex rel. Swaggerty v. Knoch, supra, and United States v. Spadafora, supra. Nor does petitioner's affidavit stand on any better footing because he asserts statements of others as to what allegedly transpired. These are hearsay statements, and in Mr. Mathison's affidavit are merely petitioner's assertions.

■ Petitioner further asserts that at the time of trial he related to his counsel that the testimony the government was using was perjured. Such evi-

dence, if any existed, could have been put in at the time of trial. Section 2255 does not provide for a retrial.

It should be noted that petitioner's allegations concerning Mr. Larsen go to a count of the indictment which was vacated by the Seventh Circuit Court of Appeals.

With regard to charge two, that the representation of petitioner's trial counsel before and during the trial was incompetent, a conspiracy to deprive petitioner of his constitutional rights, and such as to make petitioner's trial a farce and a mockery of justice,—the court finds petitioner was represented by able, vigorous, experienced counsel of his own choice, which counsel obtained petitioner's acquittal on two counts of the five-count indictment and the vacation of a third count in an appeal to the Seventh Circuit Court of Appeals. Petitioner's contention that counsel's representation was such as to make the trial a farce and a mockery of justice is contrary to fact.

██ Regarding charge three, that petitioner was denied his constitutional right to a fair and impartial trial by reason of the distribution to the jury in his trial of a 14-page pamphlet entitled "Handbook for Jurors," this issue is not timely raised in that there was no challenge to the venire. Petitioner relies on United States v. Gordon, 7 Cir., July 16, 1957, which case is now pending on motion for rehearing *En Banc* and in which case the court stated "* * * a challenge to the venire * * * was admittedly sufficient to preserve the question for review * * *." [See 253 F.2d 177, 184].

Assuming that the Court of Appeals sitting *En Banc* will make the same rul-

ing that the panel did, this court does not believe that it should extend the rule beyond the application by the Court of Appeals and apply it where there was no challenge to the venire.[1]

In reviewing petitioner's amended motion to vacate, this court has to decide for the second time whether petitioner has pleaded and substantiated such facts as would entitle him to a hearing under Title 28 U.S.C. § 2255.

Petitioner's original motion was found by this court legally insufficient in that it consisted of petitioner's bare assertions and conclusions raising no material issue of fact. The court, however, decided not to dismiss petitioner's motion at that time but instructed Mr. Mathison on what was necessary to substantiate such a petition, the court so doing in order that it could better see whether any possibility of relief existed.

Nevertheless, petitioner's amended motion also fails to raise any material issue of fact, it being supported by two affidavits which shed no light on any material fact, and Mr. Mathison's affidavit consisting of hearsay statements, immaterial assertions, and bald conclusions. In spite of the full opportunity petitioner has had to plead such facts as would raise a material issue of fact, the motions, files and records of the case conclusively show that petitioner is entitled to no relief.

The findings of fact and the court's conclusions of law insofar as there is a record upon which findings can be made, appear in the foregoing opinion pursuant to rule 52(a), Fed.Rules Civ.Proc. 28 U.S.C. so that no separate findings and conclusions need be prepared or filed.

Petitioner's motion for hearing and amended motion to vacate are denied.

1. Frazier v. United States, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187, rehearing denied 336 U.S. 907, 69 S.Ct. 488, 93 L.Ed. 1072; Rogers v. Squier, 9 Cir., 1949, 174 F.2d 348; York v. United States, 8 Cir., 1948, 167 F.2d 847; Morton v. Welch, 4 Cir., 1947, 162 F.2d 840, certiorari denied 332 U.S. 779, 68 S.Ct. 44, 92 L.Ed. 363, certiorari denied 334 U.S. 848, 68 S.Ct. 1498, 92 L. Ed. 1771; Higgins v. United States, 1946, 81 U.S.App.D.C. 371, 160 F.2d 222, certiorari denied 331 U.S. 822, 67 S.Ct. 1304, 91 L.Ed. 1839.