UNITED STATES of America,
Plaintiff-Appellee,

v.

Raymond S. MATHISON, Defendant-Appellant.

No. 12289.

United States Court of Appeals
Seventh Circuit.

June 19, 1958.

Raymond S. Mathison, in pro. per.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

Defendant-Appellant-Petitioner, hereinafter referred to as Mathison, was charged in a Five-Count Indictment with violation of the Mann Act, Title 18 U.S.C.A. § 2421. After a jury trial, he was convicted on Counts I, II and IV, but was acquitted on Counts III and V. On an appeal to this Court, the judgment insofar as it was based on Count I was reversed, but was affirmed as to Counts II and IV. United States v. Mathison, 7 Cir., 239 F.2d 358. In the District Court and on appeal to this Court, Mathison was represented by two experienced and reputable members of the Wisconsin bar of his own choosing.

On February 1, 1957, Mathison filed a motion under Title 28 U.S.C.A. § 2255 to vacate the sentence and judgment. This motion alleged, among other things, that "his conviction was obtained by circumvention and a contemporaneous contrivance between the United States Attorney and agents of the Federal Bureau of Investigation unlawfully, intentionally, knowingly, and falsely procured and

used perjured testimony in obtaining the conviction in the case now before the bar." Mathison also complained that he was deprived of constitutional rights in obtaining witnesses due to his counsel's "apparent lack of knowledge of basic criminal procedure," and that his counsel failed to introduce evidence and had made a false statement to the Court.

Mathison likewise filed a petition for a writ of *habeas corpus ad testificandum.* He also asked for the appointment of counsel. Thereafter the District Court appointed an experienced trial lawyer, a member of the Milwaukee bar, to represent him in the prosecution of his motion to vacate. Court-appointed counsel carried on an extensive correspondence with Mathison and others, and made at least one trip to Marinette, Wisconsin, a distance of some 170 miles from Milwaukee. Subsequently, Mathison became dissatisfied with his court-appointed counsel, and filed a motion in the District Court asking that his counsel be discharged. Counsel thereupon petitioned the Court to be relieved of his assignment to represent defendant. The District Court denied Mathison's motion to dismiss counsel as well as his petition for a writ of *habeas corpus ad testificandum.* He granted the motion of counsel to be relieved of further representation of Mathison.

In an effort to advise Mathison of his rights, the Court gave him detailed information with reference to his original motion to vacate. The Court said, in part [159 F.Supp. 812]:

"The petition as filed originally contains practically nothing but conclusions. There is no showing that petitioner has any personal knowledge of most of the things upon which he relies. There is no showing that he would be able to testify to anything from his own knowledge which would affect this proceedings.

"Petitioner has asked that numerous persons be subpoenaed in connection with this proceedings. There is no showing, except by petitioner's conclusions that any of these

persons would testify to anything of benefit to the petitioner. The investigation of Mr. Swerdloff (court-appointed counsel) indicates that many of them would not.

"The Government should not be put to the expense and these so-called witnesses should not be harassed in connection with scandalous charges against them without some showing that they would be of some assistance to the petitioner and would testify to something material on petitioner's behalf. The court will grant petitioner sixty days, if he desires, after receipt of a copy of the transcript of this proceedings in which to obtain affidavits from prospective witnesses. If he obtains affidavits from prospective witnesses which indicate that they will give testimony material to this proceedings and of assistance to the petitioner, then the court will order a hearing and order such witnesses subpoenaed; otherwise not.

"If the petitioner shows by his own affidavit hereafter filed on the merits that he can testify to his own knowledge by things other than hearsay to anything which would be material to this proceedings, then the court will reconsider the matter of issuing a Writ of Habeas Corpus Ad Testificandum."

Thereafter, Mathison filed an amended motion to vacate the sentence, a motion for a hearing thereon and a traverse to the Government's motion to dismiss. The District Court denied Mathison's motion for hearing, and denied his amended motion to vacate. The District Court's opinion may be found in 159 F. Supp. 811.

In this Court, Mathison was permitted to prosecute his appeal *in forma pauperis.* His request for the appointment of an attorney was denied. His failure to file an appendix as required by our rules was overlooked. Mathison did file a brief as well as a reply brief each of which was well prepared and complied completely with our rules.

When this appeal was called for hearing, the Government waived oral argument, and the case was taken upon the briefs.

■ Mathison relies upon United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. As he interprets that case, he had the right to be present upon a hearing on his motion to vacate because he had raised an issue of fact in charging the knowing use of perjured testimony by the prosecution. However, it requires something more than making wild and unsupported charges to create issues of fact.

In Hayman, the court said, 342 U.S. at page 223, 72 S.Ct. at page 274: "Whether the prisoner should be produced depends upon the issues raised by the particular case. Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing." It should be noted that Mathison did not claim to have participated in the alleged consipiracy to use perjured testimony. He offered nothing to prove the charge except his own unsupported conclusion. It was not necessary that he be personally present on a hearing of his motions. United States v. Jakalski, 7 Cir., 237 F.2d 503, 505.

■ As to the conduct of his counsel in the original trial, the District Court commented that Mathison was ably and forcefully defended. Counsel succeeded in getting a not guilty verdict as to two of the counts. The same counsel appeared before this Court and succeeded in knocking out still another count. We think the District Court was correct in finding that there was no evidence which Mathison could produce that would, in any way, reflect upon the qualifications or conduct of his counsel.

■ Mathison did not assert any material facts to which he has shown that he had a personal knowledge. A petition under § 2255 must set forth facts as distinguished from mere conclusions. United States v. Trumblay, 7 Cir., 234 F.2d 273; Walker v. United States of America, 7 Cir., 218 F.2d 80. A petitioner's allegation supported only by his own assertions are not sufficient. United States v. Spadafora, 7 Cir., 200 F.2d 140; United States ex rel. Swaggerty v. Knoch, 7 Cir., 245 F.2d 299.

We think the trial court was more than patient with Mathison. His charges against reputable counsel both court-appointed and of his own choosing, were manifestly without substance. There was not one bit of proof to show the use of perjured testimony. There was nothing but the unsupported conclusion of Mathison. The trial judge went out of his way to point out where his original motion was insufficient, and to emphasize that unsupported charges would not be sufficient.

■ Relying upon our decision in United States v. Gordon, No. 11929, 253 F.2d 177, Mathison claims that the distribution of the jurors' handbook to the jury panel prior to his trial amounted to reversible error and made his conviction null and void.

Upon a rehearing *en banc,* this Court withdrew its first opinion in United States v. Gordon, No. 11929, 253 F.2d 177, and there now is no opinion of this Court which condemns the use of the booklet. In any event, there was no challenge made to the jury or the jury panel at the time of Mathison's trial, nor was the question raised at any time before the District Court at the trial. We therefore hold that this contention is entirely without merit.

The record before us shows that Mathison has had every possible consideration extended to him by the District Court. We think the action of the District Court was correct in all respects. The orders appealed from are

Affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

I note that, because Mathison, at the time of his trial, in no way raised a question as to the use of a jurors' handbook, he is in no position now to question the distribution of the handbook to the jurors who tried his case.