**Fred DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 13599.**

United States Court of Appeals
Seventh Circuit.

Jan. 4, 1963.

Edward W. Rothe, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner-appellant, Fred Davis, is serving a twenty-year sentence of imprisonment for concealing unlawfully imported narcotics (21 U.S.C. § 174). The District Court dismissed his *pro se* motion (made under 28 U.S.C. § 2255) to vacate the sentence. He has appealed and this Court appointed Edward W. Rothe, Esq., a member of the Chicago Bar, to represent the indigent petitioner.

Petitioner claims that the narcotics, which were the basis of Count Four of the indictment—the count on which he was found guilty and is now serving sentence—were obtained through an unreasonable search and seizure and therefore the trial judge's denial, after a full hearing but prior to trial, of his motion to suppress the evidence was erroneous.

Subsequent to petitioner's conviction, this Court reviewed the record and affirmed. 281 F.2d 93 (7th Cir., 1960). One of the main issues raised in that appeal was the propriety of the trial judge's denial of petitioner's motion to suppress. 281 F.2d 93, 94–97. Thereafter, the Supreme Court granted certiorari as to the first three counts of the indictment and reversed the judgment. Certiorari as to Count Four—the one now before us—was denied. 364 U.S. 505, 81 S.Ct. 281, 5 L.Ed.2d 258 (1960).

Citation of prior holdings of this and other Courts of Appeals seems unnecessary to support the proposition that matters that have been decided on direct appeal cannot be relitigated by a motion under Section 2255. Within this category of issues raised by petitioner is the denial of the motion to suppress; the

alleged insufficiency of the evidence to support conviction under Count Four; and alleged erroneous instructions given to the jury. The latter two questions were also dealt with by this Court in the direct appeal (supra, 281 F.2d at pages 98–100).

The remaining issue is whether petitioner was convicted as the result of the deliberate suppression of evidence favorable to him. His claim appears to be that one Bernice Toomer, his girl-friend and a permanent guest in his apartment at the time of the arrest in question, admitted ownership of the narcotics which he was convicted of concealing and the prosecutor knowingly suppressed this evidence in the original trial.

No specific facts are alleged to support the charge. Vague conclusional charges of fraud or collusion in Section 2255 petitions are insufficient to raise issues that demand inquiry. United States v. Mathison, 256 F.2d 803 (7th Cir., 1958), cert. denied, 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91 (1958). The petitioner must show that he has proof of his allegations beyond his unsupported assertions. United States v. Trumblay, 256 F.2d 615 (7th Cir., 1958); United States ex rel. Swaggerty v. Knoch, 245 F.2d 229 (7th Cir., 1957); Walker v. United States, 218 F.2d 80 (7th Cir., 1955); United States v. Sturm, 180 F.2d 413 (7th Cir., 1950), cert. denied, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388 (1950). It should be noted that the question whether the possession of the contraband drugs could be imputed to petitioner because they were found in his bedroom in an apartment shared by him and Bernice Toomer was gone into on the direct appeal. 281 F.2d 93, 99.

The nature of the issues presented before the District Court authorized the trial judge to dispose of them summarily without a hearing or the making of findings of fact and conclusions of law. United States v. Fleener, 177 F.2d 482 (7th Cir., 1949).

The judgment of the District Court is affirmed.

The brevity of our opinion in no way reflects upon the excellence of the written and oral presentation of court-appointed counsel. Mr. Rothe is deserving of our commendation and thanks for the service he has rendered the petitioner in this appeal.