RAWLS, Chief Judge
(dissenting).
On this appeal we are concerned with the trial judge’s order denying Appellant Barton’s motion to vacate and set aside judgment and sentence. The contents of said motion are significant for it is the allegations contained therein that the trial judge considered. Omitting the heading, the subject motion is as follows:
“Comes now the Defendants Maurice Nelson and William Barton in our own proper self and person, and we pray for the indulgence of this Honorable Court. We the Defendants feel that under the rare circumstances involved herein, that We are entitled to relief under Criminal Procedure (I) as adopted and set forth by the U. S. Supreme Court, in October 1962, and We the Defendants allege as follows:”
The first paragraph alleges:
“(I) That on May 29, 1964 A.D. We the Defendants were hailed into Court and tried for the offense of ‘Breaking and Entering,’ That we the Defendants feel that when we were represented by counsel, we were not represented in the best of our interest, that if the Public Defender would of had our interest at heart, he would have been able to secure substantial grounds to prove our innocents.”
It is obvious that not a single fact is alleged to substantiate the movants’ conclusion that they were “ * * * not represented in the best of our interest.”
The second paragraph alleges:
“(II) That in accordance with Ex. Parte, Hawk 64, U.S. Court 448 (321 U.S. [321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572]) and in Glasser v. U. S., 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680], That the Hawk rule is pertinent to State Prisoners who had a Public Defender forced on them who did not work in the best interest toward having a fair trial, the court held in effect, ‘They were denied counsel just as much as if they had never been ac *658 companied by or advised by any counsel at all.’ ”
This allegation fails to state any ground for relief.
Paragraph three alleges:
“(III) That we the Defendants at time of our arraignment was not given counsel of our own choice that in House vs. Mayo 63, Fla.Sup. 169 [D.C., 63 F.Supp. 169], in which Sec. (11) of the Fla. Declaration of Rights was in~ terperted and House vs. State, represented by Counsel, includes a fair opportunity to secure counsel of his own choice, and he is as much entitled to the assistance of counsel in preparing his trial as at the time of trial itself, and that a denial of these rights is contrary to the due process clause of the 14th Amendment Ban on Cruel and Unusual Punishment. Roberson vs. Calif. 370, U.S. 660, 666 [82 S.Ct. 1417, 8 L.Ed.2d 758], 1962. Also Gideon vs. Wainwright U. S. 155 [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], 1963.”
It is well settled that an indigent is not entitled to counsel of his choice. See Brooks v. State, 172 So.2d 786 (Fla.App. 1st, 1965); Wilder v. State, 156 So.2d 395, 397 (Fla.App. 1st, 1963); and Arellanes v. United States, 326 F.2d 560 (9th Cir. 1964).
Paragraphs four and five allege:
'“(IV) That the above identified will give support to we the defendants .alligations in-so-far as to say we were not given counsel of which would take the necessary steps to avoid the possibility of a future prison term i. e. ■counsel that would advise we the defendants here in such a way as to .avoid making a statement which might later be used as evidence against us in ■court, and the above identified being the case, it is we the defendants humble -opinion that we were not assisted by ■counsel in the best of our interest.
“That at this time'we the defendants here in wish to bring with in clear scope a second infringement upon the constitutional rights of the same, and again we allige as follows:
“(V) That on or about the month of May 1964 A.D. the house of we the defendants were illegally searched i. e. with out a warrant. This being the case, there has been constituted an infringement upon the constitutional rights of we the defendants, namely, the forth (4th) artical of the Constitution of the United States of America. Refer to 933.04 affidavits (Search Warrants).”
These allegations contain matters and things which may only be raised upon an appeal from a judgment of conviction.
The contents of the foregoing motion do not allege facts which entitled the movant to a hearing.
The majority opinion journeys into a number of factual representations recited in the movant’s brief which have for the first time been stated on this appeal. By reference to these facts, which were not alleged or otherwise presented to the trial court, the majority concludes that the trial judge erred by not granting a hearing upon the motion. Stated another way, the rationale of the majority opinion is predicated primarily upon factual representations set forth in appellant’s brief. It is not the function of this court to review a trial court’s decision upon facts alleged for the first time in the appellate proceeding.
Finally, it appears that the basis of the majority opinion is founded upon the following observation: “There is nothing in the record from which it may be determined whether court-appointed counsel actually conferred with appellant following his appointment and prior to the hour of arraignment, or to what extent such counsel studied and investigated the thirty-four separate offenses with which his client was charged.” I find no decisional law in this *659 state to support such, an observation. In the recent case of McCray v. State, Fla. App. 1st, 181 So.2d 729, we held that it does not take any particular length of time for a person to relate an incident of guilt to his attorney. The same conclusion was reached by the Second District Court of Appeal in State v. Daniels, 178 So.2d 44, 1965, and by federal jurisdictions in Goforth v. United States, 314 F.2d 868 (10th Cir., 1963); Brinegar v. United States, 290 F.2d 656 (6th Cir., 1961); United States v. Wight, 176 F.2d 376 (2nd Cir., 1949); and United States v. Tribote, 297 F.2d 598 (2nd Cir., 1961). As I read the instant motion, appellant, an indigent, was appointed an attorney to represent him; he pleaded guilty upon the advice of his attorney; and after being sentenced and incarcerated upon those pleas of guilty, he is dissatisfied because his court appointed attorney did not “ * * * secure substantial grounds to prove our innocents.” This record reveals no complaint by appellant at the time of his sentencing about the competence of his lawyer, nor does it reveal any action on appellant’s part to-withdraw his pleas of guilty, either at time of sentencing or subsequent thereto. The motion for relief in effect states mere conclusions as distinguished from allegations, of fact which in my opinion does not entitle the movant to any relief. United States v. Mathison, 159 F.Supp. 811 (D.C.. Wis.1958), affirmed 256 F.2d 803, certiorari denied, 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91; Bistram v. United States, 180 F.Supp. 501 (D.C.N.D.1960), affirmed 283 F.2d 1, certiorari denied 366 U.S. 921, 81; S.Ct. 1096, 6 L.Ed.2d 243.
I would affirm the action of the trial court in dismissing the collateral attack upon the judgments.