## LONG v. UNITED STATES.

### GLENN v. SAME.

### YOUNG v. SAME.

#### Nos. 2736–2738.

Circuit Court of Appeals, Tenth Circuit.

Dec. 24, 1943.

W. E. Utterback, of Durant, Okl., for appellants.

Marvin Shilling, Asst. U. S. Atty., of Muskogee, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The first count in the indictment in this case charged that Ed Long, John Glenn, Jack Young, J. W. Tolbert, and others, entered into a conspiracy to violate sections 250 and 251, Title 18, and sections 2803, 2810, 2831, 2833, 2834, and 2913, Title 26 United States Code, 18 U.S.C.A. §§ 250, 251, 26 U.S.C.A. §§ 2803, 2810, 2831, 2833, 2834, 2913; and the several subsequent counts each charged that one or more of such persons committed a substantive offense, in violation of one of such statutes. Long, Glenn, and Young were found guilty on the first count, Long and Young were found guilty on certain subsequent counts, and the three perfected separate appeals.

Section 250, supra, creates the offense of demanding or receiving money or other valuable thing as a consideration for not informing against the violation of a law of the United States; section 251 creates the offense of concealing or failing to make known to a judge or other person in civil or military authority knowledge of the commission of a felony cognizable by the courts of the United States; section 2803 forbids the transportation, possession, purchase, sale, or transfer of distilled liquor in a container not bearing a stamp denoting the quantity of liquor contained therein and evidencing payment of the tax thereon; section 2810 relates to the registration of a still or distilling apparatus; section 2831 requires every person engaged in distilling or rectifying spirits and every wholesale liquor dealer to post and maintain certain signs; section 2833 penalizes the carrying on of the business of a distiller without first giving bond as required by law; section 2834 provides a penalty for the making, fermenting, sale or removal of mash, wort, or wash for distillation or for the production of spirits; and section 2913 forbids the removal of distilled liquor on which the tax has not been paid to a place other than a bonded warehouse provided by law, or the removal of liquor from such warehouse, or the concealment of liquor so removed.

Appellant Glenn challenges the sufficiency of the evidence to sustain the charge of conspiracy to violate these sections, laid in the first count of the indictment. Evidence was adduced tending to establish these facts. Long was sheriff of Marshall County, Oklahoma, and Glenn was deputy and delinquent tax collector under him. Tolbert lived about three blocks from the courthouse and was engaged in the business of selling non-tax-paid liquor. Long agreed to keep a lookout for agents of the United States and notify Tolbert if any appeared in town. On one occasion Long went to the home of Tolbert and told him that some agents were in town and that if he had any liquor on hand he had better clean up, and later in the evening Tolbert saw a deputy United States Marshal in town. Long told Tolbert to get a good man and that he would take care of him too. Following that suggestion and assurance, Tolbert began furnishing liquor to his brother for sale and it was sold. Glenn went to the home of Tolbert and told him that Long sent him there and that Long wanted Tolbert to pay $20 per month. Tolbert said that he could pay only $15.00. Glenn replied that he would go back and see and would let him know, and the two agreed to meet the following morning. They met as agreed, and Glenn stated that everything was agreeable. Tolbert paid Glenn $15 at that time, and he made regular monthly payments thereafter, some to Glenn and others to Long. There was countervailing evidence but it presented issues of fact for the jury. The jury resolved the issues against Glenn, and the evidence together with the inferences fairly to be drawn from it adequately supports the verdict as to him.

Appellant Young similarly challenges the sufficiency of the evidence to sustain the conviction as to him. There was no evidence indicating that he was a party to the concert of action between Long, Glenn, and Tolbert, to which reference has been made. And it may be conceded without deciding that there was no substantial evidence affirmatively showing that he was a party to any conspiracy to violate the laws of the United States. But the second count in the indictment charged him with the possession of distilled liquor in containers on which no stamp was affixed; the third charged him with the concealment of liquor on which the tax had not been paid and which had been removed from a distillery to a place other than a bonded warehouse; the evidence fairly construed sustains the verdict as to these counts; the sentences on the three counts expressly run concurrently; and they do not exceed the maximum punishment authorized by law for the respective offenses charged in the second or third counts if either stood alone. It is consistently held

654

that where the punishment imposed on two or more counts in an indictment is the same and runs concurrently, and one count is valid and adequately sustained by evidence and the punishment does not exceed the maximum authorized by law, for the crime charged in it, the accused is not prejudiced even though another count is invalid or the charge contained in it is not sustained by substantial evidence. Whitfield v. State of Ohio, 297 U.S. 431, 56 S. Ct. 532, 80 L.Ed. 778; Morris v. United States, 8 Cir., 229 F. 516.

 After the appeals had been perfected, the three appellants filed in the court below their motion for a new trial on the ground of newly discovered evidence. Affidavits outlining the evidence were attached to the motion. The United States filed a response to the motion, attaching thereto counter-affidavits. The causes were remanded to the trial court for the purpose of entertaining and determining the motion. In addition to the affidavits, oral testimony was submitted at the hearing on the motion. The court denied the motion, and error is assigned upon that action. It is well settled that the matter of granting a new trial on after-discovered evidence rests in the sound judicial discretion of the trial court, and an order refusing a new trial on that ground will not be disturbed on appeal, in the absence of a plain abuse of discretion. Wulfsohn v. Russo-Asiatic Bank, 9 Cir., 11 F.2d 715; Streckfus Steamers, Inc., v. Shuttleworth, 4 Cir., 86 F.2d 327; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884; Weiss v. United States, 5 Cir., 122 F.2d 675. And it is equally well settled that an application for new trial based upon that ground is not regarded with favor and will be granted with great caution. Bonness v. United States, 9 Cir., 20 F.2d 754; Weiss v. United States, supra; People v. Yeager, 194 Cal. 452, 229 P. 40; State v. Romero, 42 N.M. 364, 78 P.2d 1112; Brannon v. State, 190 Ga. 203, 9 S.E.2d 152; Powell v. Commonwealth, 179 Va. 703, 20 S.E.2d 536; State v. Saba, 203 La. 881, 14 So.2d 751.

 Virtually all of the newly discovered evidence relied upon related to statements made after the trial by persons who had testified for the United States, and the statements were merely in the nature of impeachment of the testimony given. Generally, newly discovered evidence which is merely impeaching in character does not

warrant the granting of a new trial. Evans v. United States, 10 Cir., 122 F.2d 461, certiorari denied 314 U.S. 698, 62 S. Ct. 478, 86 L.Ed. 558.

No reference was made in the motion or attached affidavits to the testimony of two witnesses who were tendered and testified at the hearing on the motion. Their evidence related to the time at which appellant Long vacated a certain residence. He admittedly occupied the residence, and the testimony was offered to show that he vacated it prior to a certain date. The evidence was and could be material only to impeach the testimony given by Tolbert concerning a certain payment to Long. Moreover, each witness testified from memory, and in the very nature of things the testimony disclosed some uncertainty as to time. A new trial will not be granted on the ground of newly discovered evidence unless it is of such nature that on the new trial it probably would bring about an acquittal. Evans v. United States, supra. In addition to being merely impeaching in character, this evidence failed to meet that requirement. Manifestly there was no abuse of discretion in the denial of the motion for a new trial.

The judgments are severally affirmed.