## UNITED STATES v. WARD.

No. 197, Docket 21253.

United States Court of Appeals
Second Circuit.

April 7, 1949.

Pedro Gotay, of New York City (Morris Goldknopf, of New York City, of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Roy Cohn, Bruno Schachner and Clarke S. Ryan, all of New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Defendant claims that the statement taken by the F. B. I. agent was inadmissible, because the agent admitted eliminating from the statement whatever he thought immaterial. But the agent testified that he read the statement, as he had written it, to the defendant, and that the defendant signed the statement. If any material part was eliminated, defendant had an opportunity to cross examine the agent or to introduce the omitted part. It was for the jury to determine the weight to be given the statement in the light of whatever the evidence showed about its completeness.

2. Defendant also contends that records taken from the files of the Office of Selective Service Records were inadmissible. They were properly authenticated, being official records identified as such by their custodian. Wigmore, Evidence, § 2158.

The main objection to the admission of these records is that the witness did not make the records and did not know when or by whom these particular records were made; in effect, it is that the entries in the file are hearsay. The government argues that this objection is met by its compliance with the "entries in the regular course of business" statute, 28 U.S.C.A. § 1732, formerly 28 U.S.C.A. § 695. Whether there was a sufficient foundation for admission under this statute we need

630

not decide, for, to the extent the entries were hearsay, they were admissible as "official statements" made in the course of the entrants' official duties as employees of the United States. Wigmore, Evidence, §§ 1630 ff.; Chesapeake & Delaware Canal Company v. United States, 250 U.S. 123, 128-129, 39 S.Ct. 407, 63 L.Ed. 889; United States v. Harbanuk, 2 Cir., 62 F.2d 759; Armit v. Loveland, 3 Cir., 115 F.2d 308; Vanadium Corporation v. Fidelity & Deposit Co., 2 Cir., 159 F.2d 105, 108-109; see Rule 26, Federal Rules of Criminal Procedure, 18 U.S.C.A.

3. Objection is made to the judge's charge that it was uncontradicted that the defendant registered and filed his questionnaires. This error, if it was error, was cured by his subsequent statement that the jury's recollection of the proof was decisive.

4. The sentence was within the statutory limits, so we cannot review it. Wilson v. United States, 9 Cir., 145 F.2d 734; Russell v. United States, 8 Cir., 119 F.2d 686.

Affirmed.