## MORALES v. UNITED STATES.
### No. 4520.

United States Court of Appeals
First Circuit.
March 14, 1951.

Alejandro Morales Rosario, *pro se*.

Francisco Ponsa Feliu, Acting U. S. Atty. and Antonio Castro Fernandez, Asst. U. S. Atty., both of San Juan, P. R., on brief for appellee.

Before MARIS, WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Puerto Rico denying a motion to set aside a sentence under Title 28 U.S.C.A. § 2255 without making findings of fact or stating conclusions of law.

The appellant was indicted by a grand jury in the court below for transferring a stated quantity of marihuana cigarettes not in pursuance of a written order on a form issued for that purpose in violation of § 2591(a) of the Internal Revenue Code. Title 26 of the United States Code Annotated. Upon arraignment, the court at the appellant's request appointed counsel to assist him in his defense, and he pleaded not guilty. A trial by jury in due course resulted in a verdict of guilty of the offense charged in the indictment and the court imposed a sentence of five years imprisonment under § 2596, id.

Subsequently the appellant *pro se* filed the instant motion from the penitentiary in which he is confined grounded upon the proposition that as the cigarettes he is charged with transferring were contraband, he was not a person required to register and pay a tax, and hence that his conviction was illegal under the rule enuniciated by the United States Court of Appeals for the Ninth Circuit in Walker v. United States, 176 F.2d 796, which we shall comment upon presently. The court below on the filing

of the motion appointed counsel for the appellant in compliance with his request, heard arguments in support of the motion by that counsel and in opposition thereto by the Assistant United States Attorney, and then overruled it generally without statement of reasons.

On this appeal the appellant contends that the court below erred in that it failed to adjudicate his motion, erred in failing to make findings of fact and conclusions of law, and erred in failing to set aside his conviction on the authority of the Walker case, supra.

There can be no doubt that the court below adjudicated the appellant's motion. A journal entry of that court dated July 29, 1950, shows that on that day the court called the motion for hearing, granted the appellant's motions to proceed *in forma pauperis* and for the appointment of counsel, appointed counsel, heard arguments on the motion from counsel on both sides, and overruled it.

The appellant's second point is also without merit. It is apparent that the District Court decided the appellant's motion on its face in the light of the files and records of the case, and on that basis determined that it conclusively appeared that the prisoner was entitled to no relief. There was, therefore, no statutory requirement for making findings of fact and conclusions of law, for summary disposition of futile motions is permitted under the third paragraph of § 2255 in which the requirements of notice, prompt hearing, determination of issues and making findings of fact and conclusions of law are prefaced by the proviso: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief".

The appellant's third point rests upon obvious confusion. In Walker v. United States, supra, it was held that one who dealt illegally in contraband narcotic drugs could not be convicted under § 3224 (a) of the Internal Revenue Code for failure to register and pay a special tax as required by § 2551(a), id., for the reason that only legitimate dealers were required to do so, illegitimate dealers being punishable under other sections of the code. The appellant, however, was not charged or convicted of any offense with respect to registering as a dealer in marihuana under I.R.C. § 3231, or paying the tax as such required by § 3230, id. He was charged with transferring marihuana under a wholly different section of the code, § 2591(a), which provides specifically that: "It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 3230 and 3231, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary." The Walker case is clearly not in point.

The order of the District Court is affirmed.