## KLEIN v. UNITED STATES.

### No. 10775.

United States Court of Appeals
Seventh Circuit.

May 18, 1953.

Rehearing Denied June 26, 1953.

Edward B. Klein, in pro. per.

Marks Alexander, U. S. Atty., Springfield, Ill., Harry M. Weakley, Asst. U. S. Atty., Peoria, Ill., Robert G. Heckenkamp, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

This is an appeal from an order denying a motion to vacate and set aside a judgment and sentence imposed on appellant on February 23, 1950, under sec. 2255, 28 U.S.C.A. The trial court denied the motion, as supplemented, without a hearing.

Appellant was indicted with others for robbery of a post office establishment under sec. 2114, 18 U.S.C.A., and after a plea of not guilty was duly convicted by a jury. On his trial, he was represented by competent counsel of his own choice. He appealed from the judgment and sentence. On March 6, 1951, this court affirmed in 187

F.2d 873. The facts are there set out and need not be repeated here. Certiorari was denied by the Supreme Court, 341 U.S. 952, 71 S.Ct. 1021, 95 L.Ed. 1374.

In support of his motion appellant contends: (1) that the indictment fails to state that Chester H. Wood was a certified postal clerk at the time of the alleged robbery; (2) that the Chester H. Wood drug store was not a lawful postal substation of the United States Post Office establishment; (3) that sections 3 and 4, 18 U.S.C.A. of the indictment were fraudulent charges and highly prejudicial to petitioner, depriving him of due process of law (sic); and (4) that the court erred in denying petitioner's motion for acquittal at the close of the government's case.

By points 1 and 3, appellant attacks the sufficiency of the indictment. It is said in Aaron v. United States, 4 Cir., 188 F.2d 446-447:

"* * * the law is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. (Citing cases.)"

Appellant was indicted for a violation of sec. 2114, 18 U.S.C.A., and not for a violation of secs. 3 and 4 of 18 U.S.C.A. as he claims. No count of the indictment charges a violation of secs. 3 and 4 of 18 U.S.C.A. We find no merit in either contention.

Points 2 and 4 should have been raised on his trial or by timely appeal. "Section 2255, supra, does not give a prisoner the right to obtain a review, first by the court which imposed the sentence and then on appeal from a denial of a motion to vacate, of errors of fact or law that must be raised by timely appeal." Barnes v. Hunter, 10 Cir., 188 F.2d 86-88; Hurst v. United States, 10 Cir., 177 F.2d 894-895.

Appellant seeks by his motion to retry the case on the facts and to raise questions of law which he could have raised on appeal from his conviction. This he cannot do. Hilliard v. United States, 4 Cir., 185 F.2d 454.

There is nothing in the record which indicates that he was denied any constitutional right, or that the sentence imposed upon him was invalid, or subject to collateral attack for any reason whatsoever. It is apparent to us that the District Court decided the motion on its face in the light of the files and records of the case. As was said in Morales v. United States, 1 Cir., 187 F.2d 518-519:

"It is apparent that the District Court decided the appellant's motion on its face in the light of the files and records of the case, and on that basis determined that it conclusively appeared that the prisoner was entitled to no relief. There was, therefore, no statutory requirement for making findings of fact and conclusions of law, for summary disposition of futile motions is permitted under the third paragraph of § 2255 in which the requirements of notice, prompt hearing, determination of issues and making findings of fact and conclusions of law are prefaced by the proviso: 'Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'".

The motion and the files and records in this case conclusively show that the prisoner is entitled to no relief. The trial court properly denied the motion without a hearing. Garcia v. United States, 9 Cir., 197 F.2d 687-688; United States v. Fleenor, 7 Cir., 177 F.2d 482, 484, 485.

The order appealed from is

Affirmed.