## UNITED STATES v. NICKERSON.

### No. 11052.

United States Court of Appeals,
Seventh Circuit.

April 13, 1954.

John David Nickerson, in pro. per.

Robert Tieken, Irwin N. Cohen, U. S. Attys., John Peter Lulinski, Anna R. Lavin, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is from an order of the District Court denying the motion of the appellant, John David Nickerson, hereinafter referred to as the defendant, to vacate the judgments and sentences which the trial court entered upon the defendant's plea of guilty to two indictments. The first indictment, returned in the Northern District of Illinois on November 28, 1952, charged the defendant and another with having in their possession in the Northern District of Illinois on November 19, 1952, knowing it to have been stolen, 300 bottles of Hiram Walker Imperial Whiskey, of a value in excess of $100, which had been stolen from an interstate shipment in violation of 18 U.S.C.A. § 659. The second indictment, filed March 24, 1953, in the Eastern District of Illinois, was transferred at the request of the defendant to the Northern District of Illinois for disposition after the defendant had indicated that he desired to enter a

plea of guilty. This second indictment charged the defendant and others, in the first count, with violating 18 U.S.C.A. § 659, in that they, on November 18, 1952, had in their possession in the Eastern District of Illinois, 23½ cases of Hiram Walker Imperial Blend Whiskey which had been stolen from an interstate shipment and which the defendants knew had been stolen. The second count of the indictment charged the defendant and others with conspiring in the Eastern District of Illinois to violate Section 659, as charged in count one.

On June 2, 1953, the defendant, appearing in person and by counsel, entered a plea of guilty to both indictments, and the court imposed a sentence of five years on the first indictment and a sentence of five years on each count of the second indictment, all three of the sentences to run concurrently.

On August 17, 1953, the defendant filed his motion to vacate and set aside the judgments and sentences on both indictments. The defendant contended that the indictments were defective in that they neither set forth the exact quantity of the whiskey involved nor stated its exact value; and, secondly, that the offenses charged in the first indictment and in the first count of the second indictment arose out of the same act and that prosecution on both offenses constituted double jeopardy. The trial court appointed counsel to represent the defendant on his motion, heard arguments thereon, examined the files and records in the two criminal causes, and correctly held that the defendant was entitled to no relief on either of the grounds stated in the motion.

█ The defendant's first alleged ground for setting aside the judgments and sentences was that the first indictment was defective in that it only described the amount of the whiskey involved as being "300 bottles," and the value thereof as being "in excess of $100.00." But a mere defect in an indictment may not be attacked collaterally under a motion to set aside the judgment and sentence. Kreuter v. United

States, 10 Cir., 201 F.2d 33, 35; Barnes v. United States, 8 Cir., 197 F.2d 271, 273; Keto v. United States, 8 Cir., 189 F.2d 247, 251.

At the time the defendant pleaded guilty to these indictments he was represented by counsel and he does not contend that he was in any manner confused or misled by the indictments as to the crime with which he was charged. The indictment was, therefore, sufficient to withstand even a direct attack. It charged every substantive element of the offense and informed the defendant of the charge against him in such a manner as to enable him to prepare his defense at his trial and to plead former jeopardy at any future trial. The defendant's failure to make a timely objection, by a motion, to such a defect in the indictment constitutes a waiver. United States v. Williams, 5 Cir., 203 F.2d 572. Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., expressly provides that on appeal "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. * * *" The failure of the first indictment to state the exact quantity of the whiskey involved and its exact value certainly could not affect any rights of the defendant.

Nor do the first indictment and the first count of the second indictment constitute double jeopardy by charging the same offense, as contended by the defendant. The first indictment charged possession by the defendant of certain whiskey in the Northern District of Illinois on or about November 19, 1952. The first count of the second indictment charged possession by the defendant on November 18, 1952, in Kankakee, Illinois, in the Eastern District of Illinois. The second count of the second indictment charged the defendant with having conspired with others, on or about November 18, 1952, in the Eastern District of Illinois to violate 18 U.S.C.A. § 659, and of having, pursuant to said conspiracy, violated the said section in the Eastern District of Illinois on that date. By his plea of guilty the defendant admitted that he had violated 18 U.S.C.A. § 659 in the Eastern District of Illinois on November 18, 1952, and in the Northern District of Illinois on November 19, 1952.

But if we should agree with the defendant that the first indictment and count one of the second indictment both described the same offense and were treated by the trial court as separate offenses, the defendant was not thereby prejudiced. The statute authorizes as punishment for the violation of this section in a case where the value of the goods is more than $100, a fine of not more than $5,000, or imprisonment of not more than ten years, or both. The defendant was sentenced by the trial court to imprisonment of five years on the first indictment and to five years on each count of the second indictment, all of the sentences to run concurrently. Where two indictments describing the same offense are tried at the same time there is neither double jeopardy nor double punishment, of which the defendant may take advantage, where the judgment provides that the sentences shall run concurrently and where the maximum time he must serve is not more than the maximum sentence provided for one violation of the statute. Maxfield v. United States, 9 Cir., 152 F.2d 593; Fitzpatrick v. United States, 7 Cir., 87 F.2d 471, 472; White v. United States, 9 Cir., 16 F.2d 870.

The record in this case discloses, however, that during the consideration of the defendant's motion, the attention of the trial court was called to the fact that in neither the first nor second count of the second indictment was there any allegation as to the value of the goods involved. Section 659 of Title 18 U.S. C.A. limits the punishment for its violation to not more than one year where the value of the goods involved does not exceed $100. The conspiracy statute, 18 U.S.C.A. § 371, provides that punishment for its violation where "the offense, the commission of which is the object of the conspiracy, is a misde-

meanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor." A misdemeanor is defined as an offense punishment for which does not exceed imprisonment for a term of one year. 18 U.S.C.A. § 1. The trial court, therefore, considered that as to the second indictment the defendant had pleaded guilty only to the commission of a misdemeanor and to conspire to commit a misdemeanor and, therefore, on its own motion reduced the defendant's sentence as to each count of that indictment from a five year term, to a term of only one year.

Finally, the defendant contends on this appeal that the judgment of the trial court denying his motion to vacate the judgments and sentences cannot be affirmed by this court because the trial court held a hearing upon the defendant's motion without the defendant being present and because the trial court made no findings of fact and stated no conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ However, in this case no factual question was presented by the defendant's motion—his motion presented only questions of law as to the alleged defects in the indictments and as to double jeopardy and double punishment. This plainly was a case where the trial court could, and did, determine from an examination of the motion and of the files and records in the two criminal cases that the defendant was entitled to no relief on his motion. The files and records in the two criminal cases showed conclusively that the defendant was not entitled to have the judgments and sentences set aside. 28 U.S.C.A. § 2255 expressly provides that in such a case findings of fact are not required. Klein v. United States, 7 Cir., 204 F.2d 513, 514; Morales v. United States, 1 Cir., 187 F.2d 518.

Nor in this case could the presence of the defendant at the hearing on his motion have served any useful purpose. The presence of the defendant at such a hearing is required only where a factual issue is involved of which the defendant has knowledge. United States v. Hayman, 342 U.S. 205, 222–223, 72 S.Ct. 263, 96 L.Ed. 232; Donovan v. United States, 10 Cir., 205 F.2d 557, 559. In the instant case there was no factual issue presented by the defendant's motion and his presence at the hearing on the motion was not required.

The judgment of the District Court is Affirmed.