UNITED STATES of America,
Plaintiff-Appellee,

v.

James Bell YAGER, Defendant-
Appellant.

No. 11342.

United States Court of Appeals,
Seventh Circuit.

March 30, 1955.

Rehearing Denied April 5, 1955.
Writ of Certiorari Denied June 6, 1955.
See 75 S.Ct. 895.

James Bell Yager, pro se.

Jack C. Brown, U. S. Atty., Indian-apolis, Ind., Stephen Leonard, Asst. U. S. Atty., Anderson, Ind., Robert J. Wilson, Asst. U. S. Atty., Indianapolis, Ind., Edgar D. Whitcomb, Asst. U. S. Atty., Mount Vernon, Ind., Don A. Tabbert, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, Chief Judge, and MAJOR and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

The one count indictment herein charged the defendant with violation of Title 18, U.S.C.A. § 2312, in that defendant unlawfully transported in interstate commerce a stolen motor vehicle know-

ing the same to have been stolen. After a trial and jury verdict defendant was adjudged "Guilty".

On this appeal defendant urges that the evidence is insufficient to support the verdict of "Guilty". Defendant also urges that the Court committed error in the denial of two motions, (1) for a continuance, and (2) for a new trial.

■■■ The evidence established, in fact without dispute, that defendant drove a 1953 Mercury automobile from Indianapolis, Indiana, to Louisville, Kentucky, which automobile was, at that time, owned by Monarch Buick Co., Inc. of Indianapolis. Defendant claimed that Glen Martin, an Assistant Manager of Monarch Buick used-car lot, gave him permission to make the trip. Martin emphatically denied that any such permission was given. Without detailing the other evidence there was plenty of credible testimony to establish that defendant took the automobile without the owner's permission. It is, of course, fundamental that on this appeal the evidence must be viewed in the light most favorable to the government, and that it is no part of our functions to weigh conflicting testimony. United States v. Detente, 7 Cir., 199 F.2d 286, 288. We hold the evidence herein was sufficient to sustain the verdict of guilty and the judgment of conviction.

When the case was called for trial defendant's attorneys moved for a continuance. Defendant had previously employed counsel who later withdrew from the case with the consent of defendant. There. is some dispute as to whether defendant had a six or twelve day notice of such withdrawal. On the day when the trial opened defendant employed two attorneys who entered their appearance and, as the case was called, they presented the motion for continuance, claiming that they had been employed only an hour or two previously. There also was some contention with reference to subpoenaing a witness, but upon inquiry it was learned that the witness was present in court having, apparently, been subpoenaed by the government. The Court denied the motion for a continuance pointing out that there would be an adjournment after the selection of the jury and that counsel would then have opportunity to confer with the defendant.

■■■ Whether a continuance should be .granted is addressed to the sound discretion of the trial court. There can be no error in denying a motion for continuance unless it is clearly shown that there has been an abuse of discretion. Hardy v. United States, 186 U.S. 224, 22 S.Ct. 889, 46 L.Ed. 1137; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; United States v. Vrilium Products Co., 7 Cir., 185 F.2d 3, 5. An examination of the record before us does not disclose an abuse of discretion.

■ The motion for a new trial based upon a claim of newly discovered evidence is likewise directed to the discretion of the trial judge and is reviewable only for a manifest abuse of that discretion. United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562; United States v. Hack, 7 Cir., 205 F.2d 723, 726. In our view there was no abuse of discretion in denying the motion for a new trial.

Defendant makes some point of the fact that the jury deliberated for five hours, but if that proves anything, it is that the jury carefully considered the conflicting claims of the government and the defendant. In fact, a reading of the transcript discloses that defendant's counsel gave him vigorous representation throughout the trial.

Judgment affirmed.