Jesse **FLORES** and Carmen Flores, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 15171.

United States Court of Appeals Ninth Circuit.

Dec. 4, 1956.

Jesse Flores, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, BARNES, and HAMLEY, Circuit Judges.

## PER CURIAM.

On January 24, 1956, Jesse Flores was tried and convicted, on six counts, of violating various provisions of the narcotics and conspiracy laws of the United States. His wife, Carmen, was at the same time convicted on four such counts. Jesse was sentenced to ten years imprisonment and one dollar fine on each count. His terms of imprisonment were so arranged, as to concurrent and consecutive serving, that he received a total prison sentence of thirty years. Carmen received like sentences on the four counts of which she was convicted. In her case, the terms of imprisonment were so arranged, as to concurrent and consecutive serving, that she received a total prison sentence of twenty years. Neither defendant appealed.

On March 19, 1956, counsel for defendants filed in the district court a motion to modify the judgments. This motion was made on the ground that "the ends of justice would be served" by reducing in whole or in part the terms of imprisonment imposed by the court. In a supporting affidavit, various mitigating circumstances were set out, in an effort to persuade the trial court that the sentences should be reduced. A letter dated March 20, 1956, from Jesse Flores to the trial court, in effect presented the same arguments as advanced in the formal motion, and asked for the same relief.

The letter, but not the formal motion, made reference to that part of Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that the court may, within certain time limits, reduce a sentence. Neither the letter nor the motion expressly invoked 28 U.S.C.A. § 2255, authorizing motions to vacate, set aside, or correct sentences.

The trial court denied the two motions. Defendants appeal from the orders denying these motions.

We will regard this as a proceeding under 28 U.S.C.A. § 2255. Appellants' motion, filed in this court, that appellants be produced in court at the time of the argument on this appeal, so that they may participate therein, and that they be provided with counsel at public expense, is denied.

In their motions for reduction of sentence, appellants presented general considerations which, in their view, should lead the trial judge to modify the sentences. No contention was made, however, that the sentences were in excess of that authorized by statute, or that they imposed cruel and unusual punish-

ment contrary to the Eighth Amendment, or that the judgments were in any other respect void.

■ The motions which were considered and denied were therefore addressed solely to the discretion of the trial judge. This court has no control over a sentence which is within the limits allowed by statute. Brown v. United States, 9 Cir., 222 F.2d 293.

On this appeal, appellants have argued, for the first time, that the sentences exceed the statutory minimum; that appellants were not afforded a fair and impartial trial; that there was a misjoinder of counts; that there was, in reality, only one offense; that there was an unlawful entrapment; and that the sentences were so excessive as to constitute cruel and unusual punishment in violation of the Eighth Amendment.

■ None of these contentions was advanced in the trial court, and, for this reason alone, cannot be considered here. We need not now decide whether any or all of them may be presented in a proceeding under 28 U.S.C.A. § 2255.

Affirmed.