UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank DE MARIE, Defendant-Appellant.

No. 12281.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1958.

Rehearing Denied Jan. 6, 1959.

Maurice J. Walsh, Chicago, Ill., for appellant.

Robert Ticken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before FINNEGAN, SCHNACKEN-BERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant-appellant was tried to a jury and found guilty of narcotic law violations. Sentence was pronounced on June 27, 1955. We affirmed, 226 F.2d 782, with mandate filed in the District Court on March 5, 1956.

On September 20, 1957 the defendant-appellant filed a motion to vacate or correct judgment and sentence under 28 U.S.C.A. § 2255 and for a writ of error *coram nobis;* or, in the alternative, for a new trial on the ground of newly discovered evidence. On December 6, 1957 the District Court, without a hearing, denied the motion. This appeal followed.

The defendant-appellant has abandoned the motion as one for a writ of error *coram nobis* and has treated it solely as a motion under § 2255 or, in the alternative, a motion for a new trial. He limits the contested issues to five and delineates them in his brief as follows:

"I.

"Whether the Distribution of the 'Handbook For Petit Jurors' Constituted an Impingement and Violation of the Regular and Constitutional Mode of Trial by Jury and Denied to the Defendant His Constitutional Right of Trial by Jury.

"II.

"Whether the Distribution of the 'Handbook For Petit Jurors' Constituted a Denial of the Defendant's Right to Be Present at All Stages of His Trial and a Denial of His Right to Be Informed of the Instructions to the Jury and to Object to Said Instructions, Since the Distribution Was Without the Knowledge of the Defendant or of the Prosecutor.

"III.

"Whether the Evidence Disclosed by Mario Garelli in His Affidavit Constitutes Newly Discovered Evidence Justifying a New Trial.

"IV.

"Whether the Evidence Disclosed by the Affidavit of Mario Garelli Discloses Facts Which, if Known to the Trial Court, Would Have Prevented the Entry of the Sentence of Ten Years of Imprisonment Against the Defendant in Contrast to the Sentence of Two Years Imposed Upon the Defendant, Mario Garelli, for Identical Offenses.

"V.

"Whether the Trial Court Erred in Denying the Motion to Correct Sentence Under Section 2255 of Title 28, U.S.C., Without Affording a Hearing to the Defendant and Without Taking Evidence, and Without Making Findings of Fact and Conclusions of Law."

The only question raised by the motion to vacate or correct was one of law and not of fact. The defendant alleged that the distribution of the "Handbook For Petit Jurors" constituted an impingement and violation of the regular and constitutional mode of trial by jury; denied to defendant his constitutional right to trial by jury; and, as the distribution was without his knowledge, constituted a denial of his right to be present at all stages of his trial and of his right to be informed of the instructions to the jury and to object thereto. The motion showed upon its face, however, that the trial of the defendant was in *June, 1955* and that the said "Handbooks" were delivered to the petit jurors "pursuant *to a rule* adopted by the District Judges for the Northern District of Illinois *on June 23, 1950*". (Italics supplied.) Accordingly the motion conclusively shows that the "Handbooks", of which the defendant complains, had been distributed to jurors over a period of five (5) years before defendant's trial pursuant to a rule of the court in which he was tried. He, therefore, was chargeable with notice and cannot now be heard

to say that he should not have known of the distribution.

█ To paraphrase the recent opinion of Chief Judge Duffy speaking for this court in United States v. Mathison, 7 Cir., 1958, 256 F.2d 803, relying on our decision in United States v. Gordon, opinion of July 16, 1957, the defendant claims that the distribution of the handbook to the jurors prior to his trial deprived him of his constitutional rights and made his conviction null and void. Upon a rehearing *en banc,* this Court withdrew its first opinion in United States v. Gordon, 7 Cir., 253 F.2d 177, and there now is no opinion of this Court which condemns the use of the booklet. (We fail to see any substantial difference between the booklet here and in Gordon.) In any event, there was no challenge made to the jury or the jury panel at the time of defendant's trial, nor was the question raised at any time before the District Court at the trial. Under the allegations of defendant's motion he was chargeable with knowledge and having failed to properly and timely raise the question below we hold that the motion and the files and records of the case conclusively show that the defendant is entitled to no relief and, therefore, the District Court was not required to have a hearing and make findings of fact and conclusions of law. Morales v. United States, 1 Cir., 1951, 187 F.2d 518, 519; Klein v. United States, 7 Cir., 1953, 204 F.2d 513, 514; United States v. Nickerson, 7 Cir., 1954, 211 F.2d 909, 912; Walker v. United States, 7 Cir., 1955, 218 F.2d 80, 81.

The remaining two contested issues question whether the evidence disclosed by Mario Garelli in his affidavit attached to defendant's motion for new trial constitutes newly discovered evidence justifying a new trial and which, if known to the trial court, would have prevented a sentence of ten years for the defendant in contrast to two years for Mario Garelli for identical offenses.

Although the trial court did not indicate a ruling on the alternative motion for a new trial the defendant has treated the order, from which this appeal is taken, as a denial thereof both in his notice of appeal and in his briefs in this court.

██ Motions for a new trial for after or newly discovered evidence are generally not favored, Casey v. United States, 9 Cir., 1927, 20 F.2d 752, 754, and should be granted with great caution. Long v. United States, 10 Cir., 1943, 139 F.2d 652, 654. It is also well settled that the matter of granting such a motion rests in the sound judicial discretion of the trial court, and an order of denial will not be disturbed on appeal in the absence of a clear abuse of discretion. Long v. United States, 10 Cir., 1943, 139 F.2d 652, 654; Barber v. United States, 4 Cir., 1944, 142 F.2d 805, 807; Helwig v. United States, 6 Cir., 1947, 162 F.2d 837, 840; United States v. Hack, 7 Cir., 1953, 205 F.2d 723, 726; United States v. Yager, 7 Cir., 1955, 220 F.2d 795, 796.

█ The defendant cannot seriously contend that the claimed newly discovered evidence would, on a new trial, prove or even tend to prove the defendant not guilty. The defendant asserts in his motion that "he admitted participation in the transaction indicted." Thus the motion shows upon its face that the defendant is guilty and under his defense of entrapment and the defendant's own admissions there is not even the remotest probability that the evidence would produce an acquittal.

The sole contention of the defendant in this connection is that the affidavit of Mario Garelli shows that Garelli and not the defendant was the principal malefactor and, therefore, the defendant should not have been given ten years and Garelli only two. Actually all the defendant is seeking is to show there was a disparity in sentences and the sentence of the defendant should be reduced.

█ The sentence pronounced followed a jury verdict of guilty on all counts of a six count indictment. It was clearly within the statute and fell far short of the maximum which could

have been imposed. The District Court denied the request for a reduction, if it can be said that such a request was here properly made, and it is without the ambit of our authority to review under the circumstances here. On a record such as this one this court has no control over a sentence which is within the limits allowed by the statute. Gurera v. United States, 8 Cir., 1930, 40 F.2d 338, 340–341; Beckett v. United States, 6 Cir., 1936, 84 F.2d 731, 732–733; United States v. Ward, 2 Cir., 1949, 173 F.2d 628, 630; United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, 607; Brown v. United States, 9 Cir., 1955, 222 F.2d 293, 298; Flores v. United States, 9 Cir., 1956, 238 F.2d 758, 760.

The order of the District Court is affirmed.

FINNEGAN, Circuit Judge.

My views concerning Jurors' Handbooks, previously stated in the cases cited by Judge PARKINSON, remain unaltered, and with that caveat I approve and otherwise join in the opinion.

SCHNACKENBERG, Circuit Judge.

I concur in the foregoing opinion, with the following explanation.

The defendant's motion to vacate or correct judgment and sentence filed pursuant to 28 U.S.C.A. § 2255, shows that the handbook for petit jurors was delivered by the person in charge of the petit jurors in the instant case, pursuant to a rule adopted by the district judges for the Northern District of Illinois on June 23, 1950. Defendant's counsel was therefore chargeable with notice that upon the trial the jurors had the handbook for examination. Despite this fact, the question was not raised upon defendant's trial, in any manner whatsoever.

Moreover, upon oral argument, defendant's attorney informed this court that the handbook used in this case was not the same form of handbook as that which was used in United States v. Gordon, 7 Cir., 253 F.2d 177.