UNITED STATES of America,
Plaintiff-Appellee,

v.

CHICAGO PROFESSIONAL SCHOOLS,
INC., et al., Defendants-Appellants.

No. 13027.

United States Court of Appeals
Seventh Circuit.

April 26, 1961.

Rehearing Denied May 18, 1961.

Barratt O'Hara, II, Mary M. Shaw, O'Hara & Greenhouse, Chicago, Ill., for appellants.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., R. Tieken, U. S. Atty., Chicago, Ill., D. Arthur Connelly, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Defendants were tried before the Court without a jury under a one-count indictment which charged a conspiracy to violate section 287, Title 18 U.S.C., by presenting claims for education and training allowances to the United States Veterans Administration knowing such claims to be false, fictitious and fraudulent. Forty-one persons were listed as co-conspirators, but none of these were charged as defendants.

The Court found each of the defendants guilty. Defendant Doris Keane was sentenced to be imprisoned for a term of five years, and assessed a fine of $5,000. Defendant Charles W. Lee did not appeal.

Many of the unindicted co-conspirators testified they were enrolled as students in the Radio Institute of Chicago; that by reason of such enrollment, they received checks from the Veterans Administration; that they often did not attend classes at the school which they should have attended in order to qualify for the allowances they received; that they signed blank attendance records; that they signed for hours and days when they were not present in class. Several testified they paid defendant Lee $10 a month to sign the attendance records for them.

Defendant Doris Keane is a long-time resident of Chicago. For more than thirty years she has been interested in the various phases of radio. Her family built a radio station in Chicago in 1922, and shortly thereafter the station began giving training in radio broadcasting. Miss Keane was early identified with the operation of the station. In 1928, a radio school was established using the facilities of the radio station for instruction purposes. The school was called "Radio Institute of Chicago." The proof shows that many of its students have had successful careers in radio.

Radio station WSEL-FM was built in 1952, and went on the air in 1953. This operation demanded and received much of Doris Keane's time, especially in 1957, when it was necessary because of loss of a lease, to move the station from 188 West Randolph Street to 808 South Michigan Boulevard.

Doris Keane was mainly concerned in the manifold duties of operating the radio station, and during most of the time here in question she was in charge of editing and publishing the magazine, FM Review. However, at the same time, she was the chief executive officer of the school. Most of the activities of the school during the period here in question occupied quarters at least a city block distant from the radio station. The proof indicates Doris Keane got over to the School usually in the evenings and at times only two or three times a week.

For some period, the operation of the School was directly under the supervision of Dean Rooney. However, he died in November, 1956, and no one person replaced him.

The Radio Institute of Chicago was given approval in 1952 by the State of Illinois to conduct professional radio classes under the provisions of the Veterans' Training Program. Such training continued under various laws through 1957. The defendant Lee was an instructor at the School from 1955 through 1957.

The Government claims that the conspiracy charged began in the year 1954. It offered proof to show that a very poor record was made of class attendance, and that numerous students at the School were certified as attending classes during periods when they had been absent a considerable portion of the period. The Government further presented proof to show that the certificates of attendance which are really the basis for this prosecution, were prepared either by or under the direction of the defendant, Doris Keane.

■■ Counsel for defendant Keane strongly urges that there is no credible evidence in the record to establish the conspiracy charged by the Government, and that there was no guilty knowledge on the part of defendant Keane as to many of the things that were done at the School. However, this was a trial before the Court, and on this appeal, we must view the evidence in a light most favorable to the Government. Therefore, we must and do hold that the record supports the Court's finding of guilty of the charge contained in the indictment.

■ Error is also charged because the trial court overruled defendant's motion to dismiss the indictment. We hold that the indictment was sufficient. See, United States v. Aderman, 7 Cir., 191 F.2d 980, 984.

Defendant Keane strongly urges that the punishment imposed by the trial judge upon her was cruel and unusual and forbidden by the Eighth Amendment to the United States Constitution.[1] In order to try to understand why the trial court imposed such a heavy sentence, we have taken upon ourselves the burden of carefully reading many hundreds of pages of typewritten transcript of the evidence. We also have carefully noted the comments and remarks of the trial judge during the trial. We still are at a loss to understand why a prison sentence of five years was imposed upon Doris Keane

---

1. Article VIII. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

who had no previous criminal record of any kind.

The writer of this opinion, based in part upon his nearly ten years' experience as a federal trial judge, agrees with appellant that the sentence imposed upon her was severe. It may well be that many other federal district judges would have imposed a lighter sentence in this case.

It generally is recognized that disparity of sentences for similar criminal offenses, creates serious problems. Recently, Congress has provided for the holding of Institutes on Sentencing in the various judicial circuits. It is the hope of the sponsors of this legislation and of Congress that the great disparity of sentences in federal district courts now all too prevalent, might, to some extent, be avoided.

Judges on our United States District Courts come to the bench with different backgrounds and varying legal or judicial experiences. They bring to the bench different attitudes, values and standards. It seems quite evident that there will always exist differing views as to the nature and amount of punishment to impose in criminal cases.

However, the disparity in sentences and injustices caused because of the severity of sentences might be alleviated to some extent, if the district judges would utilize the provisions of recent legislation which Congress has enacted.

Among such provisions is Title 18 U.S.C. § 4208 which provides a sentencing judge may designate a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less but not more than one-third of the maximum sentence imposed by the Court. Under another provision of this section, the Court may fix the maximum sentence and provide the prisoner may be eligible for parole after such time as the Board of Parole may determine.

■ However, the sentence of Doris Keane was within the maximum which might have been imposed under the statute. Under repeated decisions of this Court such as United States v. Hetherington, 7 Cir., 279 F.2d 792, 796; United States v. De Marie, 7 Cir., 261 F.2d 477, 480; United States v. Kapsalis, 7 Cir., 214 F.2d 677, 684; United States v. Kelley, 7 Cir., 186 F.2d 598, 600, and United States v. Sorcey, 7 Cir., 151 F.2d 899, 902, we hold the judgment must be and is

Affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

The Act under which defendant Keane was convicted provides punishment by a fine of not more than $10,000, or imprisonment for not more than ten years, or both. 18 U.S.C.A. § 286. In view of the extensiveness of the fraud perpetrated on the government, as disclosed by the record, the district court imposed a sentence of one-half of the maximum punishment fixed by Congress. Under the law, this sentence does not violate the Eighth Amendment against cruel and unusual punishment. Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405; United States v. Coduto, 7 Cir., 284 F.2d 464, certiorari denied 81 S.Ct. 1027.

By the terms of the Act, Congress has delegated to the district court authority to fix sentences according to the facts in each case. It is apparent that the sentences thus imposed will differ as the facts bearing on each defendant differ. Thus it is inherent in the Act that differences in sentences are to be expected. But such a difference is not a disparity, in the sense that the word disparity indicates an improper exercise of the sentencing power. All men are expected to wear shoes to fit their feet. There is therefore a difference in the sizes of shoes worn by men, but there is no disparity.

In addition, I hesitate, as an appeals court judge, to question the sentencing of a defendant by a district judge who has presided at a trial and who has had the advantage of observing the demeanor of the defendant, including his contrition or the absence thereof, and who may have had available a presentence report on the

defendant, which does not appear in the record before us.

This is not the rare case where it appears from the record that the district court has acted arbitrarily in imposing sentence.