838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Patrick DOTTIN, Defendant-Appellant.
 No. 86-5605.
 United States Court of Appeals, Fourth Circuit.
 March 18, 1987.
 
 John J. O'Donnell, Jr., Sanders & O'Donnell, P.C., on brief), for appellant.
 Henry E. Hudson, United States Attorney, John T. Martin, Special Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Arthur Patrick Dottin was convicted by the district court of transporting a firearm in interstate commerce. As a requisite element of his conviction, the government proved that Dottin was a felon. Dottin appeals his conviction on the ground that the prior felony conviction was proven by inadmissible evidence. The district court shall be affirmed for the reasons et forth below.
 
 
 2
 Dottin contests the admissibility of two pieces of evidence. First, he asserts that a signed and sealed document listing specific information about his 1973 conviction was not a true copy of the judgment, rather it was an abstract prepared for this case. Alternatively, Dottin states that it if was a true copy, it lacked proper authentication pursuant to 28 U.S.C. Sec. 1738. See id. (copies of court records must be certified by judge that clerk's signature and court seal are in proper form). We find that 28 U.S.C. Sec. 1738 does not control and that this document's admissibility is governed by the Federal Rules of Evidence.
 
 
 3
 The Supreme Court prescribed the Federal Rules of Evidence in 1975 with the intention that after enactment the Rules of Evidence would supersede all conflicting laws. See 18 U.S.C. Sec. 3771; Fed.R.Evid. orders of the Supreme Court. Rule 902 sets out the requiremnents for authenticating certified copies of public records. Rule 902(4) states that a copy of an official record or an entry from an official record is self-authenticating if it bears a seal and an attesting signature.
 
 
 4
 The document in question states that it is a true and correct abstract from the court minutes. Whether it is a partial or whole copy requires no further discussion. Rule 902(4) covers both types of copies. This document was signed by the clerk of the court and bears the court seal; therefore, it meets the requirements of Rule 902(4) and was properly authenticated.
 
 
 5
 Dottin also claims that a microfilm copy of a 1973 fingerprint card was inadmissible because the legal custodian of the document did not prepare the copy. We find that Dottin's second claim lacks merit because the document was properly authenticated and certified. When the legal guardian of the public record testifies that he has custody of the document, the document is authenticated. See Fed.R.Evid. 901(b)(7) (requirement of authentication is satisfied by evidence that record legally authorized to be recorded is from public office where it is kept). "If a writing purports to be an official report or record and is proved to have come from the proper public office where such official papers are kept, it is generally agreed that this authenticates the official document as genuine." E. Cleary, McCormick on Evidence 694 (3d ed. 1984); see also United States v. Ward, 173 F.2d 628, 629 (2d Cir.1949) (Selective Service records were properly authenticated, being official records identified as such by their custodian). The witness testified that he was the assistant custodian of the FBI fingerprint files and that this exhibit came from his records. This document was properly authenticated.
 
 
 6
 Regarding fingerprint records of prior convictions, the lawful custodian must certify the copy. See 5 J. Wigmore, Evidence Sec. 1635a at 644 (J. Chadbourn ed. 1974). The custodian need only testify that the document is a copy of a specified document existing in his custody. See id. Sec. 1677 at 858. The FBI fingerprint custodian testified that the document was a copy made from his files. Thus, the document was properly certified. Finally, a duplicate is accorded the same evidentiary status as the original unless a genuine issue is raised as to the original's authenticity. Fed.R.Evid. 1003. No genuine issue as to the original's authenticity was raised by Dottin. Thus, we find that this copy was properly authenticated, certified, and admitted. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process, we dispense with oral argument and affirm the judgment of conviction.
 
 
 7
 AFFIRMED.